from the effective date of St. 1973, c. 789, § 1. (This is the opinion of a majority of the court.)

So ordered.

*Frank J. McGee* for the plaintiffs.

*Robert E. Holland* (*Herbert P. Gleason,* Corporation Counsel, & *Paul Edgar,* Assistant Corporation Counsel, with him) for the defendants.

NANCY MARIE DAIGLE *vs.* GEORGE HENRY DAIGLE. June 28, 1977. On June 19, 1975, a decree nisi of divorce was entered in favor of the wife and the cross libel of the husband was "dismissed." On July 7, 1975, the husband appealed from the entry of these decrees. The appeals come here with a transcript of the evidence and the probate judge's report of material facts. The decree in favor of the wife gave her custody of, and support for, their minor child as well as alimony and an assignment of a portion of the husband's estate. The findings of the judge make it clear that he carefully weighed all of the statutory considerations required by G. L. c. 208, § 34, as amended through St. 1974, c. 565. *Bianco* v. *Bianco,* 371 Mass. 420, 421-422 (1976). *Putnam* v. *Putnam, ante,* 10, 14-15 (1977). *Rice* v. *Rice,* 372 Mass. 398, 401 (1977). In view of our conclusions that the comprehensive findings of the judge are not only not plainly wrong (see *Seder* v. *Gibbs,* 333 Mass. 445, 446 [1956]) but are fully supported by the evidence and that the decrees should be affirmed, we need not pass upon the question whether the running of the nisi period was stayed by the entry of the husband's appeals on July 7, 1975 (see Mass.R.Dom.Rel.P. 62[g], effective July 1, 1975), as he contends, or whether, as the wife asserts, her decree became absolute at the expiration of six months following the entry of the decree nisi because of the husband's failure to obtain a stay of that decree from becoming absolute. G. L. c. 215, §§ 23, 24. *Sloane* v. *Sloane,* 349 Mass. 318, 319 (1965). *Scholz* v. *Scholz,* 367 Mass. 143, 144-145 (1975). Compare *Gilmore* v. *Gilmore,* 369 Mass. 598, 600 (1976).

Decrees affirmed.

*Marguerite M. Dolan* for George Henry Daigle.

*Robert R. Carey* (*Norman T. Callahan* with him) for Nancy Marie Daigle.

COMMONWEALTH *vs.* RICKEY L. BORDEN. June 28, 1977. The defendant was convicted on two indictments charging larceny and unarmed robbery. The sole issue on appeal concerns the denial of his motion for a directed verdict on the robbery indictment. From the evidence most favorable to the Commonwealth it could have been found that the defendant and a female companion entered a store on Summer Street in Boston. The defendant's companion asked to look at a watch. When the storekeeper unlocked the display case, the defendant reached in and took twelve watches from the case. The storekeeper then moved toward the door to block the exit. As he struggled with the defendant the defendant's companion removed the watch from the storekeeper's wrist and took money from his pocket. The defendant shouted to his companion: "Go, go, go. Don't stay. Don't stay." She left the store while the defendant and the storekeeper were still struggling. Shortly thereafter the defendant overpowered the storekeeper and succeeded in

leaving the store. The defendant's motion was properly denied. Even though the defendant's companion physically took the storekeeper's watch and money, the question of the defendant's liability as a principal under the joint enterprise theory was properly submitted to the jury. *Commonwealth* v. *Perry,* 3 Mass. App. Ct. 308, 312 (1975). Compare *Commonwealth* v. *Clark,* 363 Mass. 467, 472-473 (1973). The defendant was clearly in a position to aid in the commission of the robbery (see *Commonwealth* v. *Drew,* 4 Mass. App. Ct. 30, 32-33 [1976]), and in fact did so. His struggles with the storekeeper facilitated the taking of the watch and money by his companion. His instruction to his companion to go further indicated active participation on his part. See *Commonwealth* v. *Blow,* 370 Mass. 401, 406-408 (1976). See also Anderson, Wharton's Criminal Law & Procedure §§ 106-108 (1957). To hold, as the defendant urges, that the defendant, having committed a larceny, was merely trying to make his own escape, and that the contemporaneous robbery of the storekeeper by his companion was a supervening event, inconsistent with and unrelated to the defendant's actions, would be to create an artificial barrier against inferences of complicity which may naturally be drawn. *Commonwealth* v. *Drew, supra,* at 33.

*Judgments affirmed.*

The case was submitted on briefs.
*Dyanne Klein Polatin* for the defendant.
*Stephen M. Needle, Thomas J. Carey, Jr., Daniel Engelstein, & Barbara A. Blumenthal,* Assistant District Attorneys, for the Commonwealth.