## COMMONWEALTH vs. MARIA RIVERA.

No. 90-P-1006.

Worcester. October 8, 1991. - November 19, 1991.

Present: BROWN, FINE, & JACOBS, JJ.

*Controlled Substances.*

At the trial of an indictment charging the defendant with possessing, with intent to distribute, a quantity of cocaine (between fourteen and twenty-eight grams) sufficient to constitute the crime of trafficking, there was sufficient evidence to support a finding that the defendant possessed a small quantity of cocaine (.5 gram) [556-557], and that she intended to distribute the .5 gram of cocaine [557-558]; however, as proof of the element of possession of at least fourteen grams of cocaine was lacking, the defendant could not be convicted of trafficking under G. L. c. 94C, § 32E(*b*) (1), and the case was remanded to the trial court for sentencing on the lesser included offense under G. L. c. 94C, § 32A, of possession of cocaine with intent to distribute [558].

INDICTMENT found and returned in the Superior Court Department on May 3, 1989.

The case was tried before *Robert V. Mulkern*, J.

*James B. Krasnoo* for the defendant.

*Katherine E. McMahon*, Assistant District Attorney, for the Commonwealth.

FINE, J. After a jury trial in the Superior Court, the defendant was convicted pursuant to G. L. c. 94C, § 32E(*b*)(1), of possessing, with intent to distribute, a quantity of cocaine (between fourteen and twenty-eight grams) sufficient to constitute the crime of trafficking. Her sole contention on appeal is that there was insufficient evidence of either her possession of the drugs or her intent to distribute them to sustain the verdict. As each such prosecution turns on its own singular facts, see *Commonwealth* v. *Sendele*, 18 Mass. App. Ct. 755, 758 (1984); *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 619 (1990), *S.C.*, 410 Mass. 1005 (1991), we have ex-

amined the evidence closely, viewing it in a light most favorable to the Commonwealth, to determine whether a rational jury could find the requisite possession and intent beyond a reasonable doubt. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979). We conclude that there was sufficient evidence to support a finding that the defendant possessed a small quantity of cocaine (.5 gram) with intent to distribute it, but that she was not adequately linked to a major portion of the drugs introduced against her. Thus, we affirm her conviction only of the lesser included offense, under G. L. c. 94C, § 32A, of possession of cocaine with intent to distribute it.

The jury heard the following evidence. Authorized by a search warrant, officers of the narcotics unit of the State police, along with Worcester police officers, conducted a late afternoon search of a two bedroom apartment on Boylston Street in Worcester. When the police arrived on the premises, the defendant was in the kitchen. Two men, Ismael Cruz and Luis Garcia, were in the smaller of the two bedrooms. Ignacio Lebron, to whom the apartment was leased, was not at home.

Found in various locations throughout the apartment were a quantity of drugs and other objects and substances which, according to the testimony of officers experienced in narcotics work, are commonly used in the business of selling drugs. In the smaller of the two bedrooms, the police found a total of 25.3 grams of 81 per cent pure cocaine. The cocaine was found inside a zip-lock bag in a dresser drawer and two plastic bags in the pocket of a jacket hanging in a closet. Hidden under a mattress they found a metric scale. Garcia had been present in the small bedroom when the police arrived, and on his person they found an electronic pager. In the larger bedroom, the police found .5 gram of cocaine, also 81 per cent pure. It was inside a film canister in a suitcase near the closet. Inside drawers of a desk they found a strainer (part of a grinder used for cutting cocaine), a zip-lock bag containing traces of cocaine, and a paper with notations, described by the police as a drug code. On top of the

desk, the police found a radio scanner and a note listing law enforcement frequencies. A jar of procaine crystal, known to be used to dilute cocaine, was found in an alcove. In the kitchen they found an electric beeper and a plastic strainer, also part of a grinder and interchangeable with the strainer found in the larger bedroom.

The defendant admitted to the police and at trial that she often stayed with Lebron, her boyfriend, in the larger bedroom. She stated that she had stayed there without Lebron the night before the search. Her name, along with Lebron's, was on the mailbox. Telephone and cable television bills in her name were found in the desk in the larger bedroom along with her personal papers and letters. The closet contained both male and female clothing. She admitted to the police and at trial that she had washed dishes in the kitchen the preceding night. None of her possessions were found in the smaller bedroom, however, and no witness ever placed her inside that bedroom. Cruz, on the other hand, admitted that the room was his bedroom and that the drugs in the dresser, and the jacket in which other drugs were found, were his. His personal papers were found in the room, and the closet in that room contained only men's clothing. There was no evidence of any familial or other relationship between the defendant and either Cruz or Garcia.

1. *Possession of drugs in the larger bedroom.* One's possession of an object depends upon a finding of his ability and intention to exercise dominion and control over it. See *Commonwealth* v. *Arias*, 29 Mass. App. Ct. at 618. Possession may be constructive; it need not be exclusive; and it may be proved by circumstantial evidence. See *Commonwealth* v. *Dinnall*, 366 Mass. 165, 168-169 (1974).

There was ample circumstantial evidence, apart from the defendant's presence in the apartment when the search warrant was executed, to support an inference that she lived there and occupied the larger bedroom with Lebron. Her belongings were in various locations throughout the room, including the closet in which the canister containing .5 gram of cocaine was found. In these circumstances, the jury could

reasonably infer that she was in constructive possession, jointly with Lebron, of the contents of the closet. See *Commonwealth* v. *Rarick*, 23 Mass. App. Ct. 912, 912 (1986), and cases cited. This is so notwithstanding the defendant's testimony that she was merely a casual visitor to her boyfriend Lebron's apartment, and her denial of knowledge of the presence of any drugs in the bedroom. The Commonwealth did not have to eliminate the possibility that Lebron was the dealer and that she was there innocently, only in her capacity as his girlfriend, as long as there was sufficient evidence to support an inference of guilt beyond a reasonable doubt. Compare *Commonwealth* v. *Arias*, 29 Mass. App. Ct. at 618, 620.

2. *The defendant's intent to distribute the drugs.* The quantity of cocaine found in the bedroom was not large. Evidence apart from quantity, however, bore on the defendant's intent. Compare *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. 417, 422-424 (1982). The cocaine was of such purity (81 per cent) that it would have to have been diluted before being used and, according to experts in the drug trade, it would be rare to use or to purchase for personal use cocaine of such purity. See *Commonwealth* v. *Montanez*, 410 Mass. 290, 305-306 (1991). In addition, the officers found in the bedroom which the defendant occupied, in plain view, diluting materials and two radio scanners, and, in desk drawers, a drug code, part of a grinder, a list of broadcast frequencies of various law enforcement agencies, and a zip-lock bag with cocaine residue; the desk contained personal papers of the defendant as well as of her boyfriend. Further, one who occupies an apartment ordinarily uses, and is familiar with, contents of the apartment's kitchen. Apart from ordinary assumptions, the defendant was present in the kitchen when the officers arrived to conduct the search, and she testified that she washed dishes in the kitchen. The defendant could be inferred, therefore, to have had knowledge of the drug-related objects in the kitchen, the strainer and the beeper, both in plain view. Considering all the objects to which the defendant could reasonably have been linked, and in light of

the testimony of how such objects are customarily used in drug distribution operations, see *Commonwealth* v. *Lopes*, 25 Mass. App. Ct. 988, 990 (1988), there was sufficient evidence of an intent on her part to distribute the .5 gram of cocaine.

3. *Possession of drugs in the small bedroom.* The major portion (25.3 grams) of the cocaine found in the apartment was in the small bedroom. The Commonwealth contends that the evidence, in its totality, suggests that the entire apartment was being used as a cocaine distribution operation. The judge did not instruct the jury on a joint enterprise theory. Compare *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 498 (1991). To sustain the conviction, therefore, the Commonwealth was required to prove actual or constructive possession on the part of the defendant of the drugs in the small bedroom.

No evidence placed the defendant or any of her possessions in the smaller bedroom, or otherwise connected her to its contents. The room was occupied by another individual, Cruz, who admitted ownership of some of the drugs and the jacket in the pocket of which the other drugs in the room were found. Thus, there was no evidence that the defendant had the intent or ability to exercise dominion or control over any of the drugs in the small bedroom. See *Commonwealth* v. *Duffy*, 4 Mass. App. Ct. 655, 660 (1976); *Commonwealth* v. *James*, 30 Mass. App. Ct. at 500.

As proof of the element of possession of at least fourteen grams of cocaine was lacking, the defendant could not be convicted of trafficking under G. L. c. 94C, § 32E(*b*)(1), and the mandatory minimum sentencing provisions are not applicable. Accordingly, we vacate the judgment and set aside so much of the verdict as pertains to the offense of trafficking in cocaine under G. L. c. 94C, § 32E(*b*)(1), and we remand the case to the Superior Court for sentencing on the lesser included offense under G. L. c. 94C, § 32A, of possession of cocaine with intent to distribute.

*So ordered.*