COMMONWEALTH vs. KEITH KICKERY.

No. 90-P-1145.

Berkshire. October 16, 1991. - December 30, 1991.

Present: ARMSTRONG, SMITH, & PORADA, JJ.

*Rape. Joint Enterprise. Kidnapping.*

At the trial of indictments charging aggravated rape, kidnapping, and assault and battery, the judge properly admitted certain fresh complaint evidence and, in addition, his instruction on joint enterprise, when read in the context of his entire instructions, was adequate. [722-723]

Where the evidence at the trial of indictments charging aggravated rape, kidnapping, and assault and battery failed to demonstrate that the rape took place during the commission or attempted commission of kidnapping as required by G. L. c. 265, § 22 (*a*), the crime of kidnapping did not provide the essential predicate for the aggravated aspect of rape. [723-724]

On appeal from convictions on indictments charging aggravated rape, kidnapping, and assault and battery, where there was ample evidence at trial to warrant findings both that the defendant committed the rape and that the offense was aggravated by reason of its having been committed by the defendant and another while engaged in a joint enterprise, but there was insufficient evidence to warrant a finding of aggravation by the crime of kidnapping, this court, observing that the basis for the jury's general verdict of guilty of aggravated rape was not clear, vacated the verdict as to so much of the rape indictment as charged aggravation and remanded the case to the Superior Court either for sentencing on the lesser included offense of rape or for a new trial. [724-725]

INDICTMENTS found and returned in the Superior Court Department on August 12, 1986.

A pretrial hearing was held before *Charles R. Alberti*, J., to discuss issues involving interstate detainers, and the cases were tried before *Raymond R. Cross*, J.

*Kenneth Lieberman* for the defendant.

*Anne M. Kendall*, Assistant District Attorney, for the Commonwealth.

SMITH, J. A jury convicted the defendant of aggravated rape, kidnapping, and assault and battery. At trial, it was the Commonwealth's view that the rape was aggravated because it was committed by joint enterprise or because it occurred during the commission of a kidnapping.[1] Both theories were submitted to the jury for their consideration. The jury returned a general verdict of guilty. On appeal, the defendant claims that the evidence did not support either theory of aggravated rape. He also contends that his constitutional right against self-incrimination was violated because a judge forced him to engage in a colloquy during a pretrial hearing.

We summarize the evidence introduced at trial by the Commonwealth. In June, 1986, the victim was sixteen years old and was dating an individual named Carl Moore. At the end of June, the victim's family had been evicted from their apartment in Pittsfield; the victim did not know where her family members had relocated. On July 1, the victim spent the night in Moore's grandmother's apartment. Moore and the defendant, who was Moore's cousin, also lived there. The next morning, the defendant told the victim that he would help her find her parents after he finished work. The victim went to work with him, and, while he was working, she slept in his automobile.

After work, but before looking for her parents, the defendant drove the victim to Peru, a small town near Pittsfield. They arrived at a wooded area, and the defendant asked the

---

[1] The crime of aggravated rape is defined in G. L. c. 265, § 22(*a*), as amended through St. 1980, c. 459, § 6. That statute states, in pertinent part, "Whoever has sexual intercourse . . . with a person, and compels such person to submit by force and against his will . . . and if . . . such sexual intercourse . . . is committed by a joint enterprise, or is committed during the commission or attempted commission of an offense defined in . . . [G. L. c. 265, § 26] shall be punished by imprisonment in the state prison for life or for any term of years."

Kidnapping is defined in G. L. c. 265, § 26, as appearing in St. 1971, c. 900. That statute states, in pertinent part, "Whoever, without lawful authority, forcibly or secretly confines or imprisons another person within this commonwealth against his will, or . . . forcibly seizes and confines or inveigles or kidnaps another person, with intent . . . to cause him to be secretly confined or imprisoned in this commonwealth . . . shall be punished . . . ."

victim to have intercourse. She refused, and he raped her.[2]
When he was finished, the defendant told the victim not to
tell anyone what he had done and promised that he would
not touch her again. They returned to Pittsfield, and, when
the victim was reunited with her sisters, she immediately told
them that the defendant had raped her. On the same day,
the victim saw Moore and told him what had happened.

On July 4, the victim saw Moore again. He asked her if
she would like to go to October Mountain for a keg party.
She agreed, and he took her to his automobile. The defend-
ant was in the automobile. It was around 6:30 P.M. They
drove to a wooded area and parked near an old shack. The
three exited the automobile and walked into the woods. The
victim and Moore walked deeper into the woods and at-
tempted to have intercourse. After that failed, Moore told
the victim to stay where she was; he found the defendant,
and they rejoined the victim.

Both men ripped the clothes off the victim. The defendant
then raped her while Moore kept tapping her with a little
stick. Moore tried to have intercourse but was unsuccessful.
After the episode was over, the men got up and dressed. The
victim tried to get up, but Moore pushed her down. He told
her not to get up until they said she could. The men then
poured beer over her and took her to a tree. They tied her to
the tree with parts of her clothing. Once the men were gone,
the victim managed to free herself. She walked out of the
woods and stopped at the first house she saw. Help was sum-
moned, and the victim was taken to the police station and
later to the hospital. An examination of the victim revealed
scratches and abrasions in her vagina and also on her neck,
wrists, legs, ankles, abdomen, and chest.

1. *Joint enterprise as aggravating factor of rape.* The de-
fendant argues that, in the circumstances, joint enterprise
could not be considered as an aggravating factor of the rape.
He does not claim that the evidence of joint enterprise was

---

[2]The defendant was tried for this rape at the same time he was tried on
the other indictments. The jury could not agree on a verdict, and the Com-
monwealth filed a nolle prosequi as to that indictment.

insufficient to withstand a motion for required finding of not guilty. Rather, he contends that the judge committed error in admitting fresh complaint evidence and also in his instructions to the jury on joint enterprise. We have examined the record and conclude there was no error in this aspect of the trial. The fresh complaint was properly admitted; the judge carefully instructed the jury about its limited use in their deliberations. His instruction on joint enterprise, when read in the context of his entire instructions, was adequate.

2. *Kidnapping as aggravating factor of rape.* The crime of kidnapping may provide the essential predicate for the aggravated aspect of rape only if the evidence demonstrates that the rape took place during the commission or attempted commission of kidnapping. G. L. c. 265, § 22(*a*). According to the Commonwealth, kidnapping occurred either (1) as a result of the defendant's (and Moore's) overpowerment of the victim during the rape, or (2) when the defendant tied the victim to the tree.[3]

On this record, the restraint imposed on the victim by the defendant and Moore prior to and during the rape did not constitute the crime of kidnapping. The evidence shows that the victim willingly accompanied the defendant and Moore to where the rape eventually occurred; nonconsensual "confinement or asporation [was not] used as a means to facilitate the commission of [the rape]." *Commonwealth* v. *Rivera*, 397 Mass. 244, 254 (1986). Further, any confinement of the victim during the rape itself did not exceed the restraint which was incident to the rape and did not constitute the separate crime of kidnapping, separate and apart from the rape. Compare *Commonwealth* v. *Sumner*, 18 Mass. App. Ct. 349, 352 (1984).[4]

---

[3]Tying the victim to the tree and leaving her also formed the basis for the separate kidnapping indictment on which the defendant was being tried. That conduct was sufficient to support the defendant's conviction on the kidnapping charge.

[4]The decisions in *Commonwealth* v. *Rivera*, *supra*, *Commonwealth* v. *Vasquez*, 11 Mass. App. Ct. 261, 267-268 (1981), and *Commonwealth* v. *Sumner*, *supra*, are not to the contrary. In those cases, the defendants were charged with kidnapping and rape. The defendants claimed that the

The conduct of the defendant in tying the victim to the tree, and leaving her that way, constituted kidnapping. The kidnapping took place *after* the rape, however, and was separate and distinct from the rape. Because the rape did not take place during the commission of the kidnapping as required by G. L. c. 265, § 22(*a*), it was not aggravated by that crime.

3. *Conclusion.* There was ample evidence that the rape was aggravated because it was committed by the defendant and Moore while engaged in a joint enterprise. The theory that the rape was aggravated by the crime of kidnapping was, however, not supported by the evidence; that theory should not have been submitted to the jury. Because there was a general verdict, we do not know whether the jury found the defendant guilty of aggravated rape on the basis of a joint enterprise, or whether the jury found the crime of kidnapping to be the aggravating factor. "In these circumstances, we think the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." *Yates* v. *United States*, 354 U.S. 298, 312 (1957). See also *Commonwealth* v. *Fickett*, 403 Mass. 194, 197 (1988)(if "there was insufficient evidence to justify submission of the case to the jury on any of these theories, there must be a new trial because we do not know the theory or theories on which the jury reached their verdicts of guilty"); *Commonwealth* v. *Eldridge*, 28 Mass. App. Ct. 936, 938 (1990).

We note, however, that the defendant challenges only the aggravated aspect of the rape. There was ample evidence of

---

evidence offered to prove the kidnapping was so closely related to that offered to prove rape as to make improper separate convictions and separate sentences for each crime. In each case there was substantial evidence of confinement and restraint prior to the rape. The court held, in each case, that there was sufficient evidence of the defendant's confinement of the victim to warrant the jury in finding that a kidnapping had occurred separate and apart from the rape. Here, we hold that the evidence of the defendant's conduct prior to and during the rape did not amount to the separate crime of kidnapping, but his conduct *after* the rape did.

the lesser included offense of rape and no doubt as to the jury's verdict in that respect. *Commonwealth* v. *Sherry,* 386 Mass. 682, 695 (1982). Therefore, on remand, the Commonwealth has the option of moving to have the defendant sentenced on the lesser included offense of rape or of retrying the defendant on the aggravated rape indictment.[5]

The guilty verdict on so much of the rape indictment that charged the rape to be aggravated is vacated. The matter is remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*

---

[5]The defendant's claim that his privilege under the Fifth Amendment to the United States Constitution to be free from self-incrimination was violated is utterly frivolous. At a hearing regarding the defendant's status in the Commonwealth under the Interstate Compact on Detainers, the judge was informed that the defendant had refused to speak to his lawyer or examining physicians in any meaningful way. The judge informed the defendant that he was free to speak or to remain silent at the hearing, but the decision was up to him. The defendant did speak out, claiming several injustices that allegedly had been done to him. None of the defendant's statements was used at trial or otherwise.