COMMONWEALTH *vs.* JOSE L. PICHARDO.

No. 94-P-502.

Essex. March 10, 1995. - April 13, 1995.

Present: BROWN, JACOBS, GREENBERG, JJ.

*Controlled Substances.*

Evidence at a criminal trial supported the inference that the defendant had
  constructive possession of a cache of controlled substances. [418-419]

COMPLAINT received and sworn to in the Lawrence Divi-
sion of the District Court Department on May 7, 1993.

The case was heard by *William E. Melahn,* J.

*Gary Davis, Jr.,* for the defendant.

*Margaret J. Perry,* Assistant District Attorney, for the
Commonwealth.

BROWN, J. In jury-waived proceedings in the District
Court, the defendant was convicted of distribution of a class
B substance (cocaine), G. L. c. 94C, § 32A(*a*), and posses-
sion of a class A controlled substance (heroin) with intent to
distribute, G. L. c. 94C, § 32. On appeal, he alleges that the
Commonwealth's evidence as to the heroin charge was le-
gally insufficient.

The essence of the defendant's argument is that the Com-
monwealth failed to present sufficient evidence on the posses-
sion element of G. L. c. 94C, § 32 — an essential prerequi-
site for conviction under a theory of principal liability.[1] We
do not agree.

---

[1]We note in passing, that the defendant has made a fundamental error
of law in his argument relating to joint venture. To establish liability under
this theory (as opposed to proving culpability as a principal), it would not
be necessary to prove that the defendant had possession — actual or con-
structive — of the illegal drugs. See *Commonwealth* v. *James,* 30 Mass.

Both the defendant and Commonwealth spend substantial time disputing whether the case with respect to the disputed charge was presented on a theory of joint venture or principal liability. Insofar as there was sufficient evidence to support a conviction under the latter approach, which subsumes criminal liability on the basis of the former, it is ultimately unnecessary for us to resolve this question. As an aside, it appears from the record that the Commonwealth, in fact, argued both theories.[2]

The facts, simply stated, are these. An undercover police officer approached a group of men suspected of engaging in the sale of illegal drugs. Upon approach by a "grey-haired" man, the officer stated he "wanted two." The grey-haired man pulled from his pocket two packets of what appeared to be "red eagle brand" heroin. The officer returned the two packets and said that he wanted "crack" cocaine, not heroin. The grey-haired man then beckoned the defendant, who joined them. After the grey-haired man spoke to the defendant in Spanish, the defendant led the officer into a nearby apartment building. Asking the officer to wait in a hallway, the defendant entered one of the apartment units. A few minutes later, the defendant reappeared carrying a small plastic bag containing a substance later determined to be crack cocaine. The officer gave the defendant twenty dollars, received the drugs, and left.

Several minutes later, the undercover officer, now reinforced by several colleagues and the authority of a search warrant (presumably an anticipatory warrant dependent upon the success of his controlled buy, see *Commonwealth* v. *Douglas*, 399 Mass. 141, 145 [1987]), returned, arrested the

---

App. Ct. 490, 499 (1991). See also *Commonwealth* v. *Sabetti*, 411 Mass. 770, 779-780 (1992).

[2]Were it not possible to conclude that the Commonwealth had met its burden with respect to principal liability (and so necessarily satisfied the elements of joint venture), this would have posed potential difficulties. See *Commonwealth* v. *Eldridge*, 28 Mass. App. Ct. 936, 938 (1990) (where one of two potential theories of liability is unsupported by the evidence, and it is unknown which the factfinder relied upon, reversal is required); *Commonwealth* v. *Kickery*, 31 Mass. App. Ct. 720, 724 (1991).

defendant and searched the apartment from which the defendant had obtained the illegal drugs. Baking soda, a substance used to make crack cocaine, and drug packaging paraphernalia were found in the bedroom and kitchen. In the same bedroom, hidden in a secret cache cut from the baseboard molding inside a closet, officers found a quantity of heroin, rock cocaine, powdered cocaine (packaged in the same way as the rock cocaine purchased by the officer), a digital scale, and drug sales records. Significantly, no other illegal drugs were found anywhere else in the apartment. Finally, a beeper was taken from the defendant's person.

Upon these facts, it was reasonable for the jury to conclude that the defendant obtained the crack cocaine sold to the undercover officer from the hidden stash. Such access to and control over the secret stockpile was more than adequate to support an inference of constructive — if not actual — possession of its entire contents, including the heroin. See *Commonwealth* v. *Rosa*, 17 Mass. App. Ct. 495, 498 (1984) (awareness of contraband coupled with ability and intention to control it sufficient to establish constructive possession). See also *Commonwealth* v. *Rivera*, 31 Mass. App. Ct. 554, 556 (1991) (possession may be proved exclusively by circumstantial evidence). Despite the defendant's contentions to the contrary, it is irrelevant that others might have had similar access to the cache. See *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 409 (1989) (constructive possession may be exclusive or joint). Cf. *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 613 (1976).

In all material respects, this case resembles *Commonwealth* v. *Watson*, 36 Mass. App. Ct. 252, 258-259 (1994). There, the defendant was able to produce illegal drugs, on demand, from a hidden stash within an apartment.[3] In *Watson*, this court reasoned that the defendant's "familiarity with the procedure for obtaining drugs" from the concealed place supplied a sound basis for an inference of constructive possession. We think the same principle applies here. *Id.* at

_____

[3]Like here, the drugs were hidden in a concealed compartment in the back of a bedroom closet. *Id.* at 258.

259. Cf. *Commonwealth* v. *Pratt*, 407 Mass. 647, 652 (1990); *Commonwealth* v. *Brown*, 12 Mass. App. Ct. 988, 989 (1981) (defendant's undisputed possession of drugs taken from larger stockpile provides sufficient basis for inference of constructive possession of that larger amount).

In arguing for a contrary result, the defendant has relied chiefly on cases in which the Commonwealth sought to establish possession on the basis of a defendant's presence in an apartment (or other place) where contraband was found. See and compare *Commonwealth* v. *Booker*, 31 Mass. App. Ct. 435, 437 (1991); *Commonwealth* v. *Rivera*, 31 Mass. App. Ct. at 558; *Commonwealth* v. *Cruz*, 34 Mass. App. Ct. 619, 623 (1993). Contrast *Commonwealth* v. *Handy*, 30 Mass. App. Ct. 776, 779 (1991). Those cases are not apposite to the circumstances in which the defendant was an active participant in illegal drug sales and where other evidence supported the inference that the supply under his control included a quantity of heroin. His motion for a required finding on the contested count, therefore, properly was denied. Cf. *Commonwealth* v. *Gizicki*, 358 Mass. 291, 297 (1970).

*Judgments affirmed.*