COMMONWEALTH *vs.* KEVIN AVERY.

No. 96-P-1461.

Hampden. January 7, 1998. - May 18, 1998.

Present: GREENBERG, DREBEN, & LENK, JJ.

*Practice, Criminal,* Required finding. *Robbery. Assault and Battery. Joint Enterprise. Evidence,* Joint enterprise.

At the trial of indictments for assault and battery and armed robbery, the evidence was insufficient to warrant a rational trier of fact to conclude beyond a reasonable doubt that the defendant had any knowledge that his alleged accomplice intended to rob and assault the victim and that the defendant was willing to assist: the defendant's motion for required findings of not guilty should have been allowed. [781-784]

INDICTMENTS found and returned in the Superior Court Department on February 1, 1995.

The cases were heard by *Richard F. Connon,* J.

*J. Jeffrey Yelle* for the defendant.

*Dianne M. Dillon,* Assistant District Attorney, for the Commonwealth, submitted a brief.

GREENBERG, J. A Superior Court judge found the defendant guilty on two indictments, one charging armed robbery and the other assault and battery. The defendant urges on appeal that we examine the evidence, in particular, the Commonwealth's proof of joint venture, which is the theory upon which the convictions rest. He claims that the only fact proved at trial was his presence at the scene of the crime.

At the bench trial, the defendant timely moved for a required finding of not guilty. Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979). We appraise the evidence in the light most favorable to the government, without taking into account evidence presented by the defendant. *Commonwealth* v. *Kelley,* 370 Mass. 147, 150 n.1 (1976). *Commonwealth* v. *Sevieri,* 21 Mass. App. Ct. 745, 750 n.9 (1986). So measured, we ask whether the evidence was

sufficient to warrant a rational trier of fact in concluding beyond a reasonable doubt that the defendant knew that an armed robbery and assault was about to take place and was willing to assist, if necessary. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). *Commonwealth* v. *Giang*, 402 Mass. 604, 608-609 (1988).

Here are the facts the judge could find. About 3:30 P.M. on December 14, 1994, Timothy Nelen left work and went to The Gunn Hall, a neighborhood pub in Springfield. He took his usual seat at the bar near the cash register. He had several drinks. In a short time he felt the call of nature and repaired to the men's room. It was a facility containing very little space, six feet long and four feet wide. Already inside the room were two men who were unknown to him. Nelen thought the two were engaged in a drug deal. As he walked toward the commode, he brushed against one of the men. The shorter man thought Nelen owed the taller man an apology. Whatever reluctance Nelen may have harbored about this suggestion was quickly diminished when the shorter man poked a knife at his back. He demanded that Nelen give him five dollars for the trouble. As Nelen drew out that amount from his wad, the shorter man punched him and grabbed all of his money. A slight melee ensued. Nelen, on the floor of the restroom, covered his face with his hands to ward off the blows and kicks which followed. He could not state with certainty whether the taller man struck him.

The robbery and assault concluded in a few minutes. The men ran out of the restroom; Nelen also left the restroom and told the bartender that he had been robbed. Police were called and arrived at the pub with alacrity. Later at the police station, photographs of the usual suspects were displayed, and Nelen was able to identify only the taller of the two, the defendant Kevin Avery. In essence, that was the government's case.[1]

What is singularly lacking in the evidence presented by the government is any proof that the defendant had any knowledge that the shorter man intended to assault and rob Nelen. It is axiomatic that mere presence at the scene of the crime and the "failure to take affirmative steps to prevent it do not render a

---

[1]Parenthetically, we note that, when testifying, the defendant did not deny that he was present during the assault and robbery. The defendant also admitted that he had been smoking cocaine when Nelen came into the restroom. According to the defendant, Nelen knocked a rock of cocaine out of the robber's hands.

person liable as a participant." *Commonwealth* v. *Benders*, 361 Mass. 704, 708 (1972). Contrast *Commonwealth* v. *Borden*, 5 Mass. App. Ct. 847, 848 (1977). The necessity for proving facts other than presence has been explained as an essential safeguard against the danger of assuming the complicity of all in attendance whenever group activity is involved, *Commonwealth* v. *Chinn*, 6 Mass. App. Ct. 714, 717 (1978), and if the defendant acquiesced in what occurred, but did nothing more, it would not carry the case to the jury. *Commonwealth* v. *French*, 357 Mass. 356, 391 (1970). Our cases do not allow for guilt by association. *Commonwealth* v. *Burrell*, 389 Mass. 804, 807-808 (1983). *Commonwealth* v. *Crowe*, 21 Mass. App. Ct. 456, 483, cert. denied, 479 U.S. 838 (1986).

While it is true, as the government argues, that in battery cases it is not required to prove the precise conduct of each defendant at the scene of the crime, see *Commonwealth* v. *Bianco*, 388 Mass. 358, 367 (1983), there must be evidence of the joint venturer's knowledge of what was taking place and his willingness to participate. *Commonwealth* v. *Mahoney*, 405 Mass. 326, 330-331 (1989). *Commonwealth* v. *Cohen*, 412 Mass. 375, 378-381 (1992).

In this case there was not even a hint from the victim's testimony that the defendant shared with his alleged accomplice the mental state required for assault and battery and armed robbery. *Commonwealth* v. *Washington*, 15 Mass. App. Ct. 378, 382 (1983). Nelen did not engage in any conversation with the defendant, nor did the defendant say a word throughout the episode. And there was no evidence that the defendant knew that this alleged accomplice had a knife. That point was discussed in *Commonwealth* v. *Watson*, 388 Mass. 536, 544 (1983). *Commonwealth* v. *Ferguson*, 365 Mass. 1, 8 (1974), and *Commonwealth* v. *Hennessey*, 17 Mass. App. Ct. 160, 165 (1983), stand for the proposition that where a defendant is charged as an aider or abettor of an aggravated robbery, requiring proof of the use of a dangerous weapon, "the [g]overnment must show that the accomplice knew a dangerous weapon would be used or at least that he was on notice of the likelihood of its use." *United States* v. *Sanborn*, 563 F.2d 488, 491 (1st Cir. 1977).

That the narrow confines of the room put the defendant in close proximity to the events is just not enough, as the judge

mistakenly thought, to convict the defendant.[2] Even if an adverse inference were drawn from that circumstance, the record fails to support the government's burden of proof. In *Commonwealth* v. *Lombard*, 419 Mass. 585, 589 (1995), the court stated that, "when conflicting inferences bearing on the question of intent, an essential element of proof of joint venture, are of equal force or probability, the choice between them may amount to impermissible conjecture, an insufficient basis for a finding of guilt beyond a reasonable doubt."

Since this is not the kind of joint venture case that necessitates evidence of prior communication or planning, it is not necessary to search for an antecedent agreement. See *Commonwealth* v. *Mahoney*, 405 Mass. at 329 & n.1; *Commonwealth* v. *Jacobson*, 19 Mass. App. Ct. 666, 674-676 (1985); *Commonwealth* v. *Padgett, ante* 359, 362-363 (1998). But proof is entirely lacking that, "at the climactic moments the parties consciously acted together in carrying out the criminal endeavor, each thereby becoming responsible for the acts of the other[]." *Commonwealth* v. *Fidler*, 23 Mass. App. Ct. 506, 513 (1987).

Accordingly, we reverse the judgments, set aside the verdicts, and order that judgments shall enter for the defendant.

*So ordered.*

---

[2]We have the benefit of those findings made by the trial judge who explained his thinking at the time he announced his decision finding the defendant guilty of both charges.