Lu, John T., J.
INTRODUCTION
The defendant, Jessica Lyons (Lyons), is charged with trafficking in cocaine over 100 grams and conspiracy to traffic in cocaine. Lyons moves to dismiss, arguing that the Commonwealth failed to present sufficient evidence to the grand jury to warrant the indictments under Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982).
The Commonwealth did not need to offer evidence on every element of the charges; the grand jury only needed hear enough evidence to establish that police had probable cause to arrest Lyons. This requirement is satisfied by evidence that Lyons lived in the apartment where the drugs were found and by the inferences the grand jury could reasonably draw that Lyons constructively possessed 27.86 grams of cocaine and plastic baggies with the corners removed (cut baggies) and that the co-defendant John Testa (Testa) brought a larger quantity of cocaine into the apartment to resupply the drug distribution operation. The court denies the motion to dismiss.
BACKGROUND
The grand jury heard evidence that on September 13, 2007, Detective Scott Chaulk of the Hudson Police Department was parked outside 21 Apsley Street in Hudson. GJ at 9. He was waiting for the rest of his team to arrive so that he could execute a search warrant. Id. As he waited, he saw Testa arrive by car and carry a red and black backpack into 21 Apsley Street. Id. at 10.
*472 Detective Chaulk and his team entered and searched John Wheeler’s (Wheeler) apartment a few minutes later. Id. They found Testa and his backpack inside. Id. at 11. Testa was in the bathroom and the backpack was next to the bathroom door. Id. at 14. A police dog indicated that the backpack smelled like drugs. Id. Inside, police found a metal box containing five bags of cocaine which weighed 111.29 grams. Id. at 15. In the backpack, police also found a small glass vial with white residue on it, a spoon, and Testa’s mother’s credit card. Id. at 14.
On a coffee table in the living room, the police found mail addressed to Lyons and Wheeler at 21 Apsley Street. Id. at 18. Police found cut baggies “nearby.” Id. The detective did not explain what he meant by “nearby.” They found more cut baggies in the kitchen trash. Id. at 19. Corners of baggies such as these are used to package drugs for distribution. Id.
Police searched Wheeler’s bedroom and its adjoining closet-like room. Id. at 11. Inside, they found a bag of cocaine and a safe containing cutting agents, more cocaine, a scale, and some money. Id. A crime laboratory found that the cocaine in the bag on the floor outside of the safe weighed 27.86 grams and the smaller bag inside the safe weighed 2.94 grams. Id. at 13. No evidence was presented to suggest whether this amount was consistent or inconsistent with personal use.
The Commonwealth did not present any evidence showing that Lyons and Wheeler shared the closet where the drugs were found. However, police asserted that Lyons and Wheeler were romantically involved and lived together. Id. at 10. Because they lived together and were in a romantic relationship, it is reasonable to infer that Lyons and Wheeler shared a bedroom. A further reasonable inference is that Lyons had access to, if not the use of, the closet that adjoined the bedroom. See Commonwealth v. Rivera, 31 Mass.App.Ct. 554, 556-57 (1991) (circumstances supported inference that defendant constructively possessed drugs found in the bedroom closet she shared with roommate/boyfriend). No evidence was presented that Lyons had access to the safe.
LEGAL DISCUSSION
I.Standard of Review
In order to obtain an indictment, the Commonwealth must present the grand jury with enough evidence to establish (a) the identity of the person to be indicted and (b) that there was probable cause to arrest. Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). The Commonwealth is allowed to present evidence that it would be prevented from using at trial, including hearsay, though admissible evidence is preferable. Id. at 160. A defendant may challenge the sufficiency of the evidence with a motion to dismiss. Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002). The defense in this case does not suggest that the Commonwealth failed to establish Lyons’s identity. The outcome of the motion turns only on whether the grand jury heard enough evidence to establish probable cause to arrest Lyons on the charges of trafficking and conspiracy to traffic cocaine.
A grand jury may find that there was probable cause to arrest when the evidence shows that the police had enough reasonably trustworthy information to cause-a reasonable person to believe that a crime has been committed. Commonwealth v. Hason, 387 Mass. 169, 174 (1982). The evidence need not show that the police had no doubts at all. Id. at 175. Also, at the grand jury hearing, the Commonwealth need not prove eveiy element of the charges with the same specificity as it does at trial. Commonwealth v. O’Dell, 392 Mass. 445, 452 (1984) (citing K.B. Smith, Criminal Practice and Procedure §104 (1983)). The grand jury does not need to hear evidence regarding eveiy element of the crimes. See Commonwealth v. Arias, 29 Mass.App.Ct. 613, 616-17 (1990) (the totality of the circumstances over and above mere presence rather than technicalities sufficed to show police had probable cause to arrest).
The Commonwealth’s theoiy is that Lyons trafficked in cocaine, under a joint venture theory, and conspired to traffic in cocaine. To obtain a conviction on the trafficking charge, the Commonwealth must prove:
1. That Lyons was present at the scene of the crime;
2. That Lyons had knowledge that, another person intended to commit the crime and shared that intent herself;
3. That Lyons aided or assisted the commission of the crime, or that by agreement she was willing and available to assist the co-defendant(s) (John Wheeler and/or Jonathan Testa) in canying out the crime if necessary.
Commonwealth v. Ortiz, 424 Mass. 853, 856 (1997). To succeed on the conspiracy charge at trial, the Commonwealth must prove:
1. That Lyons joined in an agreement or plan with Testa and/or Wheeler;
2. That the purpose of the agreement was to do something criminal or unlawful, or to do something that was not by itself criminal or unlawful, by criminal or unlawful means; and
3. That Lyons joined the conspiracy knowing of the unlawful plan and intended to help cany it out.
Commonwealth v. Benson, 389 Mass. 473, 479 (1983).
Lyons’s motion to dismiss appropriately concedes that the grand jury was presented with enough evidence that she was present at the scene of the alleged crime and had knowledge that Wheeler and/or Testa intended to traffic cocaine. Motion to Dismiss at 9. The grand jury needed to hear evidence of more than knowing presence and an association with the perpetrators of the crime to issue an indictment. See Com *473 monwealth v. Meehan, 33 Mass.App.Ct. 262, 265 (1992) (no inference of intent where Commonwealth failed to show any connection between Meehan and the drugs). Therefore, the issue is whether there is any evidence from which a reasonable jury could infer that Lyons (i) shared the intent to traffic and (ii) by agreement was willing and available to assist Wheeler and/or Testa in the trafficking scheme.
II. Sufficiency of Evidence
Intent to traffic drugs may be inferred from circumstantial evidence. Meehan, 33 Mass.App.Ct. at 265. One way to show intent is to establish actual or constructive possession of the drugs. See id. And, the same evidence that establishes constructive possession may permit the inference that the accused had knowledge of the criminal operation and that she was willing and available to help in the joint venture. See Commonwealth v. Velasquez, 48 Mass.App.Ct. 147, 150-51 (1999) (citing Meehan, 33 Mass.App.Ct. at 264).
In Velasquez, the defendant’s presence alone in the same room as the cocaine was not enough to establish that he possessed the drugs or was a joint venturer in the trafficking scheme. Id. at 149. The evidence showed that Velasquez lived in the apartment above the basement where the drugs were found, had access to the basement, acknowledged to police that he expected to go to jail, and blocked police from accessing his bathroom, having just flushed something away. Id. at 150. These facts established a “plus factor” beyond mere presence to establish Velasquez’s constructive possession of the drugs. Id. at 150. And, “(t]he same evidence permits a finding that the defendant had knowledge of the criminal operation and was willing and available to help if necessary, i.e., he was a participant in the joint venture.” Id. at 150-51.
The grand jury heard three important pieces of evidence against Lyons. First, Lyons lived in the apartment at 21 Apsley Street with John Wheeler. The Commonwealth established this at the grand jury hearing with Detective Chaulk’s testimony that police found mail sent to Lyons at that address on the coffee table. Second, Lyons knew about the drug trafficking taking place at the apartment. Her knowledge can be inferred from the testimony of Detective Chaulk that the police found approximately 29 grams of cocaine on the floor of the bedroom closet she likely shared with Wheeler and cut baggies on the coffee table and in the kitchen trash.
Third, the grand jury heard enough evidence to infer that Lyons constructively possessed the smaller cache of cocaine found on the floor of the bedroom closet that weighed approximately 29 grams. A person constructively possesses drugs when she is aware of their presence and has the ability and intention to exercise control over them. Commonwealth v. Clarke, 44 Mass.App.Ct. 502, 505 (1998). Mere presence in the vicinity of the drugs is not enough to establish constructive possession. Id. But, if a person lives in the place where the drugs are found, it becomes far more likely that the person has the ability and intention to exercise control over the drugs. Commonwealth v. Handy, 30 Mass.App.Ct. 776, 781, n.5 (1991). The evidence that the smaller cache of drugs was found on the floor of the bedroom closet that Lyons likely shared with Wheeler (or at least had regular access to) is sufficient to show that she constructively possessed them. See id. The open display of the cut baggies suggests her knowledge of and participation in drug trafficking.
In contrast, Lyons’s connection to the approximately 111 grams of cocaine found in Testa’s black and red backpack is much weaker. Even when drugs are found in a person’s apartment, that circumstance cannot establish constructive possession when nothing links that person to the drugs and when the evidence indicates that the drugs belong to someone else. Clarke, 44 Mass.App.Ct. at 506 (no constructive possession of sawed-off shotgun where someone other than Clarke lived in the bedroom where the gun was found). Here, police observed Testa walking into the apartment with the backpack moments before they executed the search warrant and found the backpack outside the bathroom Testa was using. Also, the grand juiy did not hear any evidence that any of Lyons’s belongings were found in the backpack. For these reasons, Lyons cannot be said to have had constructive possession of the cocaine in the backpack.
In order to convict Lyons, the Commonwealth must prove beyond a reasonable doubt that she possessed more than 100 grams of cocaine. See Rivera, 31 Mass.App.Ct. at 555 (Rivera not adequately linked to the major portion of the drugs introduced against her). The Commonwealth only presented enough evidence to link Lyons to the smaller of the two caches of cocaine found in the apartment, approximately 29 grams of cocaine.
However, there are two reasons why the failure to sufficiently connect Lyons to the larger cache of cocaine to obtain a conviction is not fatal to the indictment. First, the threshold on a motion to dismiss under McCarthy is low and does not require the Commonwealth to offer evidence on every element of the charges with specificity. O’Dell, 392 Mass. at 452. The Commonwealth must only show enough evidence that, given the circumstances, the police had probable cause to think Lyons was a joint venturer and conspirator. See id. Second, the Commonwealth alleges that Lyons is guilty of trafficking under a theory of joint venture, which does not require proof of possession. Commonwealth v. Wallace, 67 Mass.App.Ct. 901, 903 (2006) (“Under (joint venture] theory it is not necessary to show that the defendant himself possessed the narcotics and ammunition, either actually or constructively”) (quotation marks omitted) (citing Commonwealth v. James, 30 Mass.App.Ct. 490, 499 *474 (1991)). Lyons was more than merely present at the scene of the crime. She lived in the apartment, knew Wheeler and/or Testa were engaged in drug trafficking in the apartment, and had constructive possession of a quantity of cocaine and cut baggies such as those used for distribution. It is reasonable to infer, given the scale of the operation indicated by the contents of the safe (scale, cutting agents, etc.), that Testa’s purpose in bringing the approximately 111 grams of cocaine to the apartment at Apsley Street was to resupply the operation. These facts establish the “plus factor” over and above mere presence discussed in Velasquez sufficient to show probable cause that Lyons was a knowing participant in the drug trafficking. See 48 Mass.App.Ct. at 150-51.
ORDER
The defendant Jessica Lyons’s Motion to Dismiss is DENIED as to each indictment.