Lu, John T., J.
I. INTRODUCTION
The defendant, Jesusa Rodriguez, is charged with possession of cocaine with intent to distribute in a school zone and conspiracy to distribute cocaine. Ms. Rodriguez moves to dismiss the indictments claiming that the evidence before the grand jury was insufficient to establish probable cause to arrest her for the crimes charged. See Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982).
The court concludes that the evidence was sufficient because the evidence established probable cause to believe that she participated in the sale of cocaine as a joint venturer and conspired with the co-defendant because there was evidence that she stuffed cash into her pocketbook after the sale. The court denies the motion to dismiss.
II. BACKGROUND
Wakefield Police Detective John Ryan (Det. Ryan) testified to the following. On January 29, 2010, Det. Ryan and other Wakefield detectives were involved in a narcotics investigation. They had information from an informant that John Garniss (Mr. Garniss) was planning to purchase cocaine from a Hispanic male. The detectives saw Mr. Garniss and Michael Lamson (Mr. Lamson) outside a pizza shop near the intersection of Albion and Lake Street. Both men were talking on a cell phone and passing it back and forth. After about ten minutes, Mr. Garniss and Mr. Lamson crossed the street to an area near a Laundromat and a white Grand Am pulled up. Mr. Lamson entered the rear passenger side of the car and exited within one minute. As he and Mr. Garniss began walking away, Det. Ryan and two other detectives stopped them. Mr. Lamson admitted he had purchased two bags of cocaine for $90 from the driver of the car, who he said was a Hispanic male.
*499 At about the same time, two other detectives stopped the white Grand Am on Albion Street. The co-defendant, Enrique Osorio (Mr. Osorio), was driving and Ms. Rodriguez was sitting in the passenger seat. As the detectives approached the car, they saw Ms. Rodriguez stuffing money into her purse. Next to the center console of the car, the detectives found a baggie of cocaine that was the same size as the two bags recovered from Lamson. They also found three bundles of cash on Ms. Rodriguez totaling $463.
At the police station, the co-defendant acknowledged that he had sold two bags of cocaine to a “white kid” down the street. He also said he had sold cocaine to Lamson on other occasions.
III. DISCUSSION
1. Standard of Review
To obtain an indictment, the Commonwealth must present the grand juiy with sufficient evidence to establish “the identity of the accused ... and probable cause to arrest him” for the crimes charged. McCarthy, 385 Mass, at 163. “(P)robable cause [to arrest] exists where .. . the facts and circumstances ... are enough to warrant a prudent person in believing that the individual arrested has committed ... an offense.” Commonwealth v. Galant, 453 Mass. 535, 541 (2009) (alteration in original), quoting Commonwealth v. Storey, 378 Mass. 312, 321 (1979). “The officers must have entertained rationally ‘more than a suspicion of criminal involvement, something definite and substantial, but not a prima facie case of the commission of a crime, let alone a case beyond a reasonable doubt.’ ” Commonwealth v. Santaliz, 413 Mass. 238, 241 (1992), quoting Commonwealth v. Rivera, 27 Mass.App.Ct. 41, 45 (1989).
As to the standard of review on a motion to dismiss an indictment, this court stated in a 2008 decision that the “grand jury does not need to hear evidence regarding every element of the crimes.” Commonwealth v. Lyons, 2008 WL 4368214 at *2 (Mass.Super. 2008) [24 Mass. L. Rptr. 471]. However, in light of subsequent appellate authority, it appears that statement was or is inaccurate. As highlighted in defense counsel’s brief, the Supreme Judicial Court recently stated that to support an indictment, the grand jury must be presented with evidence on each element of the crime charged. At the time of the Lyons decision, it appears that evidence was required on each element, if only by inference. However, this court is unaware of any decision until Commonwealth v. Moran, 453 Mass. 880, 884 (2009), explicitly stating so. With this clarification, the court turns to the sufficiency of the evidence.
2. Sufficiency of Evidence
As to the charge of possession with intent to distribute, Ms. Rodriguez contends that the evidence failed to establish her participation in the crime as a joint venturer.[1] “The theory underlying joint enterprise is that one who aids, commands, counsels, or encourages commission of a crime while sharing with the principal the mental state required for the crime is guilty as a principal.” Commonwealth v. Soares, 377 Mass. 461, 470 (1979). The Commonwealth must show that “the defendant knowingly participated in the commission of the crime charged, alone or with others, with the intent required for that offense.” Commonwealth v. Zanetti, 454 Mass. 449, 467 (2009). “The basic requirement is that [the defendant] have knowledge of the offense, assist in planning or procuring it, and share the purpose that it be committed.” Commonwealth v. Echavarria, 428 Mass. 593, 599 (1998). See Zanetti, 454 Mass. at 470, Appendix (“it is enough consciously to act together before or during the crime with the intent of making the crime succeed”).
Although the evidence of Ms. Rodriguez’s involvement in the cocaine sale was limited, the court concludes it was sufficient to establish her participation as a joint venturer. This is not a case of mere presence at the scene of a crime, as Ms. Rodriguez argues in her memorandum. Cf. Commonwealth v. Avery, 44 Mass.App.Ct. 781, 783 (1998) (evidence failed to show defendant’s knowledge of what was taking place and willingness to participate). Ms. Rodriguez was not only present when Mr. Osorio sold cocaine to Lamson, she also was seen stuffing cash in her purse moments after the sale, supporting the grand jury’s inference that she was assisting in the crime by keeping track of the proceeds of the sale, holding the proceeds, and/or recovering her loan to the co-defendant to purchase the drugs to be sold. She had in her possession a large amount of cash wrapped in bundles, which Det. Ryan testified in his experience is consistent with selling drugs. See Commonwealth v. Gonzalez, 452 Mass. 142, 148-49 (2008) (large amounts of cash on defendants supported finding that they were participants in narcotics distribution). Based on Ms. Rodriguez’s knowledge of the circumstances and participation in the crime, an inference was warranted that she shared the intent to distribute. See Soares, 377 Mass, at 470. The grand jury was warranted in indicting Ms. Rodriguez for possession of cocaine with intent to distribute.
To succeed on the conspiracy charge at trial, the Commonwealth must prove “an unlawful agreement to further, by concerted action, the accomplishment of a criminal act.” Commonwealth v. D'Amour, 428 Mass. 725, 748 (1999). “The heart of conspiracy is the formulation of the unlawful agreement or combination.” Id., quoting Attorney Gen. v. Tufts, 239 Mass. 458, 493-94 (1921). Because proof of an agreement is rarely available through direct evidence, the Commonwealth must typically rely on circumstantial evidence and reasonable inferences from the circumstantial evidence. Commonwealth v. Camerano, 42 Mass.App.Ct. 363, 366 (1997).
*500 The grand jury heard sufficient evidence to indict Ms. Rodriguez for conspiracy. The amount of money found on her person, her participation in the sale to Mr. Lamson, and the co-defendant’s admission that he had sold cocaine on more than one occasion all support the existence of an agreement to assist in the distribution of cocaine. Under the circumstances, there was probable cause to believe that Ms. Rodriguez and the co-defendant were engaged in a conspiracy to distribute cocaine.
ORDER
The defendant, Jesusa Rodriguez’s, motion to dismiss (paper #11) is DENIED.

 The Commonwealth has not stated whether it is proceeding against Ms. Rodriguez solely on a joint venture theory.