COMMONWEALTH *vs.* LOUIS JANARD. June 23, 1983. *Practice, Criminal,* Instructions to jury, Comment by judge, Discovery, Disclosure of statement by witness.

It is not disputed that on all the evidence the jury could properly find

that the defendant Louis Janard did assault and beat his mother with a dangerous weapon, to wit, a knife and broom (G. L. c. 265, § 15A).

1. Appealing from the judgment of conviction, the defendant contends that there was misdirection by the judge in his definition of reasonable doubt. As no exception was taken at the time, the question is whether the instruction created "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). It did not. Such plausibility as the defendant's criticism may have stems from the casual embroidery of the standard instruction in which the judge chose to indulge, against the repeated admonitions of the Supreme Judicial Court. See *Commonwealth* v. *Wood*, 380 Mass. 545, 551 (1980). The judge spoke of the jury's having to be satisfied that what the Commonwealth said was true. Taken in isolation, this remark might be thought to distract attention from the defendant's theory of the case (cf. *Commonwealth* v. *Rodriguez*, 6 Mass. App. Ct. 738, 743-744 [1978], *S.C.* 378 Mass. 296, 301-302 [1979]; *Perez* v. *United States*, 297 F.2d 12, 16 [5th Cir. 1961]), or perhaps to intimate that the Commonwealth need establish guilt only to a preponderance (cf. *Commonwealth* v. *Wood*, *supra* at 548). The remark, however, did not stand alone, and we think it was cancelled and overcome by the main charge which directed the jury to look at the whole case and described correctly the location of the burden of proof and the quantum necessary to convict. Cf. *Commonwealth* v. *Therrien*, 371 Mass. 203, 207 (1976).

At the time the judge dismissed, for failure of sufficient proof, a companion indictment for assault with the same dangerous weapons with intent to murder (G. L. c. 265, § 18), he said he was letting the less aggravated charge stand for trial because there was some proof of it. There is argument that the implied comparison could have had the effect of improperly nudging the jury toward a verdict of guilty. (Again, no exception was taken.) The judge need not have explained his action, or explained it in that form, but it underestimates the analytic powers of the jury to suppose that they were likely to be misled. The judge could say there was some evidence pointing to guilt of the remaining indictment without compromising his charge on the standard of proof beyond a reasonable doubt. See *Commonwealth* v. *Mulrey*, 170 Mass. 103, 110 (1898) (Holmes, J.), and contrast *United States* v. *Gambert*, 410 F.2d 383, 384-385 (4th Cir. 1969).

2. The defendant contends that the judge erred in refusing to strike the testimony of a rescue worker, one Terry O'Neill, given on direct examination by the Commonwealth, that the defendant had said at the scene, with his mother prostrate, that there had been a fight, he had stabbed her, he was sorry. The ground of the motion to strike was that the prosecutor was at fault in having omitted to make pretrial disclosure of

O'Neill's account of what the defendant had said, and that this omission embarrassed and prejudiced the defense.[1]

Under *Commonwealth* v. *Lewinski,* 367 Mass. 889, 903 (1975), if the prosecutor had knowledge of a statement such as that of O'Neill containing a defendant's admission, he would be bound to disclose it as part of pretrial discovery; and it would make no difference that the statement reached the prosecutor in oral rather than written form. See *Commonwealth* v. *Gilbert,* 377 Mass. 887, 891-894 (1979); *Commonwealth* v. *Lapka,* 13 Mass. App. Ct. 24, 29-31 (1982). Compare Mass.R.Crim.P. 14(a)(1)(A), 378 Mass. 874 (1979). We deal here, however, with an unusual situation that does not quite fit the *Lewinski* rule. O'Neill had told a police officer that he heard the defendant exclaiming there was a knife stuck in his mother; and O'Neill's statement appeared in the officer's report which had been furnished to the defense before trial, together with the other materials in the Commonwealth's possession, on an "open file" basis. On the morning of the day of trial, before commencement of trial by the selection of a jury, O'Neill appeared in the prosecutor's office and mentioned that he had the impression there had been a fight. When the prosecutor asked how O'Neill got that impression, the answer was, from the conversation. What conversation? The witness said, "Give me a minute to think about that." At this point the prosecutor left his office, sought out defense counsel, and told him that O'Neill "was going to testify and the testimony would include statements concerning Mr. Janard." The prosecutor had no opportunity to get back to O'Neill. We accept the prosecutor's account, which is uncontradicted on the record. Thus the prosecutor alerted the defense, although not as clearly as he might have done, to a new development involving this witness; for defense counsel could not reasonably assume that the prosecutor was making a call on him merely to convey the message that a witness would be called who, on the basis only of the police report, would testify to little if anything more than other Commonwealth witnesses.

This, then, is not a case where a prosecutor, getting wind of an incriminating piece of evidence, feigns ignorance of it and withholds pretrial disclosure in order to confound the defense: such behavior we would condemn. See *Commonwealth* v. *Gilbert, supra* at 893. Here the prosecutor would have done well to make it his business to inquire further of the witness and to pass any information to the defense; but it would be hard on this record to charge him with material misconduct for not having followed that course.

It is of some interest to note the reaction of defense counsel. For whatever reasons, he made no effort to reach the witness and inquire what he would testify to; did not seek a continuance or voir dire ahead of trial; did

---

[1] The defendant also wanted the jury polled as to whether they felt they could actually free their minds of the testimony to be struck.

not object to the testimony when given or request a voir dire at that stage; and undertook cross-examination, but did not make use of the police report which omitted mention of the "conversation." (The officer who made the report was called by the Commonwealth and testified on the same day.) Counsel made the motion to strike the following day, and on hearing the prosecutor's explanation the judge denied the motion. We do not think the judge can be charged with error.

Were there any room for holding that the judge erred, we would record our opinion that the error was harmless beyond a reasonable doubt. Upon a reading and assessment of the record, we think the other evidence of guilt was so strong that the verdict would have been the same, had counsel been given advance warning of what the witness would say, or had the witness testified only to the extent of the police report, the rest being struck. See *Commonwealth* v. *Gilbert, supra* at 894-896. Surely the defendant is unable to show that he was "significantly prejudiced" by the fault, such as it was, in the pretrial disclosure, or that a new trial, with the fault remedied, would likely exonerate him. *Commonwealth* v. *Cundriff*, 382 Mass. 137, 150-151 (1980). *Commonwealth* v. *Lapka, supra* at 29.

*Judgment affirmed.*

*Gary A. Nickerson,* Assistant District Attorney, for the Commonwealth.

*John P. Courtney,* for the defendant, submitted a brief.