Connolly, J.
INTRODUCTION
On September 19, 1990, defendant Timothy Jackson was found guilty by a jury of two counts of trafficking in cocaine. On October 4, 1995, defendant filed a motion for a new trial. As grounds therefore, the defendant claims ineffective assistance of trial counsel, challenges the admission of evidence, and challenges the prosecutor’s closing argument. For the following reasons, defendant’s motion is denied.
FINDINGS OF FACTS
Based on a review of the exhibits and affidavits submitted by the defendant,[1] the court makes the following findings of fact.
Defendant Timothy Jackson [hereinafter “defendant”] was convicted on September 19, 1990 of two counts of trafficking in cocaine. The convictions were based on two undercover drug transactions which had taken place on April 13 and 18, 1990. At each transaction, one bag of white powder was exchanged for money.
An analysis of the white powder revealed the substance to constitute cocaine. Upon confiscation, the bags of cocaine weighed 29.32 and 27.09 grams, respectively. After analysis, the net weights of the bags of cocaine were 23.78 and 21.95 grams, respectively.
Defendant was represented by counsel before and at trial. Defendant made numerous calls to counsel prior to trial in an attempt to discuss his case.[2] Counsel did not discuss the case substantively with defendant, did not visit defendant in jail prior to trial, and did not file pretrial discovery motions. The first time defendant met counsel was September 18, 1990, the morning of the first day of trial.
At trial, the Commonwealth called as witnesses Special Agents Felice Muollo and Benjamin Leong, the undercover agents involved in the two drug transactions at issue. The cross-examination of Agent Muollo revealed that a meeting between Muollo and the defendant had been arranged by a confidential informant, via a three-way conversation, prior to the two drug transactions. Counsel did not move to strike the substance of the conversation.
Also as a result of questions on cross, surveillance photographs of the two drug transactions were admitted into evidence by the Commonwealth. The photographs had not been disclosed to the defense prior to trial. Defense counsel did not object to the admission of the photographs.
As further evidence, the confiscated bags of cocaine were offered by the Commonwealth. Counsel neither objected to the admission nor questioned the chain of custody of the drug evidence. After the Commonwealth rested, counsel moved for a required finding on the two indictments. Upon denial of the motion, counsel rested without presenting any evidence.
In its closing argument, the Commonwealth suggested the indictment was evidence of guilt, used a hypothetical not supported by the evidence, and made a legal argument which appeared to be an interjection of opinion. Counsel did not object to any of the Commonwealth’s closing argument. In his instructions to the jury, the judge stated the indictment was not evidence of guilt and provided proper statements of the law and the two legal theories on which the Commonwealth based its prosecution. Subsequently, the jury requested and received a repeat instruction on “joint venture.”
During his representation of defendant, counsel was afflicted with “Atypical Anxiety Disorder” and “Adjustment Disorder from Work Inhibition.” About a year later, on August 5, 1991, counsel was suspended from the practice of law. The suspension resulted after complaints were filed against counsel in the course of his handling several civil matters. At all relevant times, no complaints resulted from counsel’s criminal practice.
RULINGS OF LAW
A motion for new trial may be granted “if it appears that justice may not have been done.” Mass.R.Crim.P. 30(b). See Commonwealth v. Stewart, 383 Mass. 253, 257 (1981). The standard is purposely broad and the disposition of a “motion for new trial is addressed to the sound discretion of the judge.” Commonwealth v. Moore, 408 Mass. 117, 125 (1990); Commonwealth v. Stewart, supra at 257. The judge may decide the motion “on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits.” Mass.R.Crim.P. 30(c)(3). See, e.g., Fogarty v. Commonwealth, 406 Mass. 103, 110-11 (1989) (in determining whether a substantial issue necessitates an evidentiary hearing, the judge “looks not only to the seriousness of the claims presented, but also to the adequacy of the defendant’s factual showing on those claims”); Commonwealth v. Meggs, 30 Mass.App.Ct. 111, 114(1991) (the decision whether to decide the motion on the basis of affidavits or to hear oral testimony isa matter within the discretion of the trial judge).
Defendant bases his motion for new trial on three grounds: 1) that he received ineffective assistance of trial counsel; 2) that the trial judge improperly admitted evidence; and, 2) that the prosecutor’s closing arguments constituted reversible error.
I. INEFFECTIVE ASSISTANCE OF COUNSEL
A defendant has a heavy burden of establishing ineffective assistance of counsel such that a new trial is required. Commonwealth v. Brookins, 33 Mass.App.Ct. 626, 631 (1992). The defendant must demonstrate that counsel’s performance fell “measurably below that which might be expected from an *400 ordinary fallible lawyer" and that such inadequacies “likely deprived [the defendant] of an otherwise available, substantial ground of defense.” Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). In other words, a defendant is required to make “some showing that better work might have accomplished something material for the defense.” Commonwealth v. Colon-Cruz, 408 Mass. 533, 558 (1990) (citation omitted). “Judicial scrutiny of counsel’s performance must be highly deferential, ‘indulging a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.’ ” Commonwealth v. Florentino, 396 Mass. 689, 690 (1986) (citation omitted).
In support of his claim for ineffective assistance of counsel, defendant cites the following: 1) that counsel suffered from mental illness during the period in which he represented defendant; 2) that counsel failed to prepare defendant’s case prior to trial; and, 3) that counsel, at trial, committed several fatal errors.
1. Defendant requests that this court adopt a “per se” rule of ineffective assistance of counsel in cases where an attorney is deemed to have been mentally ill throughout the time he represented a defendant. The “per se” rule of ineffective counsel has been “pretty well confined”, however, “to situations where unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character . . .” Commonwealth v. Thibeault, 28 Mass.App.Ct. 787, 790-91 (1990) (citation omitted). While matters “raising serious questions such as moral character or other conduct bearing on . . . capacity and competence” may warrant application of the “per se” rule, Commonwealth v. Thomas, 399 Mass. 165, 168 (1987), this court, in the absence of more direction from the appellate courts, “would rather apply closer scrutiny to the question whether the attorney’s actual representation of the client was effective.” See Thibeault, supra, 28 Mass.App.Ct. at 792-93.[3]
2. In further support of his claim for ineffective assistance of counsel, defendant argues that counsel failed to prepare a defense prior to trial. In particular, defendant points to his frustrated attempts to meet with counsel and discuss the defense of the case and, counsel’s failure to file discovery motions. Assuming for argument that the above-mentioned conduct was seriously incompetent, defendant “has failed to show how he was prejudiced thereby.” See Commonwealth v. Mercado, 383 Mass. 520, 527 (1981). There is nothing in the record to suggest that if the defendant had been able to meet with counsel, a ground of defense would have been available to him. See Mercado, supra, 383 Mass. at 528.
As a result of counsel’s failure to file discovery motions, defendant claims counsel failed to discover the existence of “very crucial evidence in the case.” In particular, counsel failed to discover prior statements made by the defendant, recorded on tape by police authorities, and surveillance photographs taken of the drug transactions.[4] As a result, defendant claims he was deprived of a substantial defense, namely, that he was unable to demonstrate how he was an unwary participant in the drug transaction.
However, the defendant has failed to “establish the facts on which his argument is predicated,” namely, that he was an unwary participant. See Commonwealth v. Mattos, 404 Mass. 672, 680 (1989). The record indicates otherwise. Police reports state that undercover agents met with defendant and exchanged money for cocaine on two occasions. In the second transaction, it was the defendant who contacted the undercover agents to arrange a sale. Defendant’s actions and statements in these two transactions are not indicative of an “unwary participant.” “Upon a reading and assessment of the record, . . . the other evidence of guilt was so strong that the verdict would have been the same, . . . had the witness testified only to the extent of the police report, the rest being struck.” Commonwealth v. Janard, 16 Mass.App.Ct. 931, 934 (1983). See also Commonwealth v. Lopes, 25 Mass.App.Ct. 988, 989 (1988) (any prejudicial effect of surprise evidence offset by strong evidence of guilt).
It is also unclear how counsel’s failure to discover the surveillance photographs denied him of a substantial defense. Defendant claims that counsel’s failure to view all the photographs once he learned of their existence further contributed to the ineffectiveness of his representation. However, defendant fails to support this claim with any factual basis. It appears more plausible that “(t]he basic trouble from the defense standpoint was weaknesses in the facts rather than any inadequateness of counsel.” Mercado, supra, 383 Mass. at 528. “There is no indication that better work by counsel might have accomplished something for the defense.” Id.
3.Defendant bases his claim for ineffective assistance of counsel in part on errors committed by counsel during the trial. More specifically, defendant cites the following errors as fatal: 1) counsel’s opening the door to the introduction of otherwise inadmissible evidence; 2) counsel’s failure to challenge the chain of custody of drug evidence; and, 3) counsel’s failure to object to the prosecutor’s closing argument.
The direct examination of Special Agent Felice Muollo was limited to two specific undercover transactions which are the subject of the two indictments in the instant case. Counsel’s cross-examination of Muollo unfortunately revealed that a meeting between Muollo and the defendant had been arranged by a confidential informant, via a three-way conversation, prior to the two drug transactions in issue. Defendant *401 argues that evidence of such conversation was inadmissible hearsay for which no exception to the rule applies and that counsel’s failure to move to strike prejudiced the defendant.
It is true that Muollo’s testimony concerning his statements to the confidential informant and the statements made by the confidential informant are hearsay, see Commonwealth v. Navarro, 39 Mass.App.Ct. 161, 166 (1995), and that failure to move to strike may have fallen “measurably below that which might be expected from an ordinary fallible lawyer.”[5] See Sefarian, supra, 366 Mass. at 96. However, the conversation testified to on cross by Muollo was not the only evidence on which the jury could rely to convict the defendant of trafficking in cocaine. Compare Navarro, supra (record indicated trial judge relied on hearsay statement to establish a joint enterprise). Other evidence established that defendant met with undercover police on two occasions and, that on both occasions, money was exchanged for cocaine. Given the magnitude of the evidence against the defendant, his claim of ineffective assistance of counsel on the basis of inadmissible testimony does not factually establish how “better work [by counsel] might have accomplished something material for the defense.” Commonwealth v. Houghton, 39 Mass.App.Ct. 94, 95 (1995).
Counsel’s failure to challenge the chain of custody of drug evidence at trial similarly does not raise a substantial issue requiring a new trial. See Mass.R.Crim.P. 30(c)(3). In her affidavit, defendant’s current counsel cites discrepancies in the gross and net weights of the drug evidence.[6] However, she also states that a 12 X 12 plastic bag could weigh up to four grams, thus reducing significantly the discrepancy between the gross and net weights of the drug evidence. Counsel does not claim that analysis of the drug in itself would not result in any loss of weight. Moreover, defendant does not factually support his contention that failure to challenge the chain of custody of the drug evidence “likely deprived [him] of an otherwise available, substantial ground of defense.” See Sefarian, supra, 366 Mass. at 96. Defendant’s claim that counsel’s missed opportunity to cross-examine the Commonwealth’s witnesses concerning the chain of custody of the drug evidence deprived him of a substantial ground of defense appears speculative at best. See Commonwealth v. Reid, 400 Mass. 534, 539-40 (1987). This is not a case in which the amount of cocaine was marginally over 14 grams. See Commonwealth v. Lopes, 25 Mass.App.Ct. 988, 989 (1988).
Next, defendant claims that counsel's failure to object to the prosecutor’s closing argument constitutes reversible error. In light of my determination that the prosecutor’s arguments did not constitute reversible error,[7] I accordingly do not find that counsel’s failure to object to the closing argument failed to accomplish “something material for the defense.” See Colon-Cruz, supra, 408 Mass. at 558.
On the present record, applying stringently the standards set forth in Saferian, supra, 366 Mass. at 96, this court finds no basis for deciding that defendant was ineffectively represented. See Thibeault, supra, 28 Mass.App.Ct. at 787.
II. IMPROPER ADMISSION OF PRIOR RECORDED STATEMENTS
Defendant argues that the Commonwealth’s failure to disclose prior recorded statements made by the defendant violated the provisions of Mass.R.Crim.P. 14. Defendant further argues the failure to disclose resulted in severe prejudice warranting dismissal of all charges.
It is true that “prosecutors who fail to comply [with Mass.R.Crim.P. 14] run the risk that any nondisclosure may be found to be a prejudicial violation of rule 14 resulting in possible mistrial . . .” Commonwealth v. Lapka, 13 Mass.App.Ct. 24, 31 (1982). However, it is important to note that any such failure must be shown to have been prejudicial to the defendant. Id. at 29. See Lopes, supra, 25 Mass.App. at 989. No such showing has been made by the defendant.
The statements objected to now by the defendant are inculpatory in character. Generally, “where an undisclosed statement is inculpatory rather than exculpatory, prejudice is unlikely since even timely disclosure would not enable counsel ‘to prepare and present its case in such a manner as to create a reasonable doubt that would not otherwise have existed.’ ” Lapka, supra, 13 Mass.App.Ct. at 30. Moreover, other evidence against the defendant was overwhelming. I find “the prejudice to the defendant from [Agent Muollo’s] testimony about what the defendant had said [on April 12th] was minor in relation to the over-all evidence.”[8] Lopes, supra, 25 Mass.App.Ct. at 989. See Janard, supra, 16 Mass.App.Ct. at 934.
III. ERRORS IN THE PROSECUTOR’S CLOSING ARGUMENT
Defendant cites three principal errors in the prosecutor’s closing argument: 1) the prosecutor’s inteijection of personal opinion; 2) the prosecutor’s suggestion that the indictment was evidence of the defendant’s guilt; and, 3) the prosecutor’s use of a hypothetical scenario that was unsupported by the evidence at trial.
Assuming for argument the above-cited statements were erroneous, the consequences of any such error depend on a number of factors, such as; seasonable objection by counsel;[9] the limitation of the error to collateral issues; mitigation by the judge of the prosecutor’s mistake; and, a determination, under the circumstances, of whether the error “possibly [made] a difference in the jury’s conclusions.” Commonwealth v. Kozec, 399 Mass. 514, 518 (1987).
*402 It is true that the hypothetical utilized by the prosecutor suggested facts not in evidence, namely, that the defendant had purchased the drugs for the transactions. However, “the judge corrected any possible error by instructing the jury that the arguments of counsel were not evidence.” Commonwealth v. Cifizzari, 397 Mass. 560, 578 (1986). Moreover, whether the defendant bought the drugs used in the transactions is certainly a collateral issue, as purchase of the drug is not an element to the crime of trafficking in cocaine. While it is also true that the indictment is not evidence of the defendant’s guilt, the judge likewise instructed the jury that the indictment brought against the defendant was not evidence.
Finally, assuming arguendo that the prosecutor’s interjection of personal belief[10] was erroneous, it did not constitute reversible error. The judge properly instructed the jury on the two theories advanced by the prosecution, so that any opinions and misstatements of the law were corrected. Moreover, a “certain measure of jury sophistication in sorting out excessive claims on both sides fairly may be assumed.” Kozec, supra, 399 Mass. at 517. The jury’s request for a repeated instruction on joint venture indicates that it attempted to do so. On this record, statements made by counsel did not create prejudicial and reversible error, see Cifizzari, supra, 397 Mass. at 580, and the defendant has not met his burden of establishing a “substantial miscarriage of justice.” See Kozec, supra, at 518 n. 8.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for a new trial be DENIED.

The court exercised its discretion in not holding an evidentiary hearing. Commonwealth v. DeVincent, 421 Mass. 64, 67 (1995); Mass.R.Crim.P. 30(c)(3).

Maijorie J. Healis, a friend to Timothy Jackson, also attempted to contact counsel in an attempt to discuss defendant’s case. Healis received no response.

It is true that proceedings before the Board of Bar Overseers (“BBO”) against defense counsel began shortly before he was appointed to represent the defendant, due to allegations of misconduct in several civil proceedings and, that on January 28, 1991, the BBO found that defense counsel had been diagnosed as suffering from “Atypical Anxiety Disorder” (DSM III: 300.00) and “Adjustment Disorder with Work Inhibition” (DSM III: 309.23). Nonetheless, this court finds it significant that no complaints arose from defense counsel’s criminal practice and that defense counsel’s efforts were recognized by the First Justice of the Dorcester District Court as “an important contribution to the administration of justice."

To the extent defendant argues that the Commonwealth’s failure to disclose the prior recorded statement constitutes a violation of Mass.RCrim.P. 14(a)(1)(A), as discussed, “that failure has not been shown to have been prejudicial to the defendant.” Commonwealth v. Lapka, 13 Mass.App.Ct. 24, 29 (1982), See Commonwealth v. Cundriff, 382 Mass. 137, 147-51 (1980).

To the extent the defendant also argues that the admission of the statements in and of themselves warrants a new trial, trial counsel’s failure to move to strike at trial limits my review to whether the admission resulted in a “substantial risk of a miscarriage of justice.” Commonwealth v. Navarro, 39 Mass.App.Ct. 161, 166 (1995). As other evidence was introduced to overwhelmingly establish defendant’s guilt, I do not find that the erroneous admission of the conversation between Agent Muollo and the confidential informant resulted in a “substantial miscarriage of justice.” See Commonwealth v. Houghton, 39 Mass.App.Ct. 94, 98 (1995).

Specifically, counsel claims that drug receipts indicate the bags containing “white powder” and introduced in evidence had gross weights of 29.32 and 27.09 grams, while the analysis sheets reflect net weights of 23.78 and 21.95 grams, respectively.

See Section III, infra, p. 12.

Defendant argues in the alternative that if dismissal of the case appears to be too drastic a remedy, at the very least, all evidence referring to the taped statements should have been excluded from trial. In support of this argument, defen-dantrelieson Commonwealth v. Fontaine, 402 Mass. 491, 498 (1988). This reliance is misplaced, however. The conduct in Fontaine involved the monitoring by the Commonwealth of privileged communications between a defendant and his attorney. No such conduct is alleged in the instant case.

Without seasonable objection, the question is whether the defendant has shown a “substantial miscarriage of justice.” Commonwealth v. Kozec, 399 Mass. 514, 518 n.8 (1987).

The prosecutor stated: “I’m telling you it is irrelevant whether or not [defendant] was the middle man in a transaction.” (Transcript, p. 115.) He later told the juiy, “I will submit once you hear his instructions, all you have to decide is did the defendant distribute the cocaine.” (Transcript, p. 119.) These statements may also be construed as an attempt by the prosecutor to explain the legal basis of joint venture.