COMMONWEALTH *vs.* EMILIO FOSSA.

No. 94-P-2072.

Essex. December 13, 1995. - June 11, 1996.

Present: SMITH, LAURENCE, & LENK, JJ.

*Practice, Criminal,* Discovery, Disclosure of evidence, Judicial discretion, Continuance, New trial. *Evidence,* Police report, Judicial discretion.

An assignment judge and the trial judge did not abuse their discretion in ordering to trial a criminal complaint, on the date so scheduled and over the defendant's objection, immediately following the Commonwealth's late production of a police report and late disclosure of the identity and availability of two civilian witnesses in violation of its discovery obligations, where defense counsel made no argument asserting any particular prejudice or requesting any specific relief [566-569]; moreover, there was no error in the judge's denial of the defendant's motion for a new trial based on the delayed disclosures, where the record of the trial did not demonstrate that the defendant had been prejudiced thereby [569-571].

COMPLAINT received and sworn to in the Gloucester Division of the District Court Department on February 4, 1994.

On transfer to the jury session of the Peabody Division, the case was tried before *Robert E. Hayes*, J., and a motion for a new trial was heard by him.

*Edward J. O'Reilly* for the defendant.

*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.

LAURENCE, J. Emilio Fossa appeals from a June, 1994, conviction by a Peabody District Court jury for operating under the influence of liquor, second offense, and from denial of his new trial motion. He argues that (a) his trial should not have proceeded over his objection because there had been late disclosure — on the morning of trial — of a police report containing the statements of two previously unidentified civilian eyewitnesses, who were present to testify; and (b) the trial

judge should have allowed his new trial motion in which he claimed he had had insufficient time to prepare a defense because of the delayed discovery.

A pretrial conference report, executed by counsel almost three months before the trial date, stated that defense counsel had been provided with all police reports relating to the incident giving rise to this prosecution.[1] The only document that was provided to Fossa's counsel prior to the day of trial was a one-page report of the arresting officer.[2] That report stated that on February 3, 1994, an unidentified individual had alerted the officer to the approach of an erratically operated red car. The officer subsequently saw a red car proceeding errantly, which turned out to be driven by Fossa who (the officer concluded from his observations and tests) was intoxicated. No persons other than police officers were identified as prospective witnesses by the prosecution prior to trial.

On the morning of the scheduled jury trial, Fossa's counsel observed the arresting officer reading a multi-page document. He was told by the officer that it was a three-page police report relating to his client's arrest. Upon further inquiry of the assistant district attorney, he obtained a copy of the report, which he had not seen before. It identified two named civilian eyewitnesses who on February 3, 1994, had observed, and notified the arresting officer of, an oncoming erratic driver, ultimately proved to be Fossa. The report was based on conversations between the officer and the eyewitnesses a few days after the incident.

The assistant district attorney informed counsel that those two witnesses were present in court and would testify for the Commonwealth. When the case was called at first session by the assignment judge, defense counsel objected to going to

[1]The pretrial conference report ordering discovery was issued pursuant to Interim District Court Rules of Criminal Procedure Applicable to Cases Governed by One-Trial Procedures Under St. 1992, c. 379. Rule 3(c) of those rules required that the defense be provided with pretrial discovery in accordance with G. L. c. 218, § 26A. That statute obligates the Commonwealth to provide police reports, witness statements and the names, addresses, and criminal records of prospective witnesses. See also Mass. R.Crim.P. 14(a)(2) & (4), 378 Mass. 874-876 (1979).

[2]Neither this report nor the belatedly disclosed report was made part of the record on appeal. Their substance was, however, discussed in the trial transcript and the transcript of the hearing on Fossa's new trial motion.

trial because of the belated disclosure. The case was nonetheless sent out for immediate trial.[3]

When the parties appeared before the trial judge, Fossa's counsel stated, "we're here over my objection. . . . I was given a three-page police report this morning. I had been given a one-page report out of Gloucester, and I was just given this report this morning. And I — (inaudible) — my objection, Judge . . . I just wanted to put that into the record." The judge responded simply, "Very well. The case is over here for trial." The jury trial proceeded.

The two newly identified witnesses testified (without further defense objection) that on the evening of February 3, 1994, they had seen a red car several times wander from lane to lane on a two-lane road and, after passing it, had informed a police officer whom they encountered further down the road of their experience. The arresting officer testified that the erratically driven red car soon appeared as predicted. The officer himself then saw the driver (who was Fossa) cross and recross the solid double line several times at a very slow speed, with his window open, despite the cold, with loud music coming from inside the car. After stopping the car, the officer concluded, from his observations of Fossa's physical condition, behavior, and performance in field sobriety tests, that Fossa was intoxicated. A backup officer who arrived at the scene testified that he reached a similar conclusion, as did the officer who had booked Fossa at the police station. A videotape of the booking procedure was shown to the jury. Fossa testified in his own defense that he had had only two glasses of wine that evening, was having trouble with his contact lenses, and did not recall driving on the wrong side of the road or failing any sobriety tests. On this evidence the jury returned a guilty verdict.

Two weeks after trial, Fossa's counsel filed a new trial motion based upon the untimely disclosure of the three-page

---

[3]Fossa did not include any transcript or reconstruction of the proceedings before the assignment judge in the record on appeal. See Mass.R.A.P. 8(c) & (d), as amended, 378 Mass. 933-934 (1979). We do not know what arguments he made to the judge, although he presented some argument regarding the new witnesses. It is not clear from the record whether he moved for a continuance, as he contends on appeal. At the hearing on his new trial motion, the assistant district attorney did state that "the continuance was denied." Since his counsel did not expressly request a continuance from the trial judge, this reference must relate to the assignment session.

report. He contended that he would have examined and photographed the section of the road where the new witnesses observed Fossa's car, had he known of their existence, but had not prepared a defense with respect to that aspect of Fossa's operation of the car. He had not even had an opportunity to interview them between being sent out for trial and commencing trial. He asserted that with "proper preparation" he could have taken advantage of alleged discrepancies between their testimony and that of the arresting officer.

The judge could not remember what he had done when Fossa's counsel had made his objection at the start of trial (there was then no transcript or tape available) but thought he had indicated at the time that he would not "countermand" the assignment judge's recent ruling on the same issue (a recollection not supported by the trial transcript). He stated, however, that Fossa could not have been prejudiced by the situation in any event because he recalled a "very extensive and thorough cross-examination of both those witnesses . . . and all areas were covered in that regard." Fossa's counsel countered that he "didn't think the issue should be what I did . . . that's totally not relevant. I did the best I could . . . but . . . I know I could have done better . . . . I appreciate your saying that I did a good job, but it's just not right, Judge. I have to have another trial. I have to have an opportunity to defend my client better than I did . . . ." Counsel did not specify in what respects he could have done better or could have achieved a better result with foreknowledge of the late report or the two civilian witnesses. The judge denied the new trial motion.

The proceedings in this matter do not reflect credit on any of the participants. The Commonwealth plainly violated its discovery obligation. Moreover, it never proffered any explanation for its failure to provide Fossa's counsel with the report identifying the two civilian eyewitnesses,[4] which was virtually contemporaneous with the much less informative one-page report and presumably known at the time to the as-

---

[4]Although the eyewitnesses' testimony was inculpatory, "[t]he distinction between inculpatory and exculpatory evidence is not significant where the issue is delayed disclosure, as opposed to failure to disclose. The standards for the application of sanctions for delayed disclosure of the two types of evidence are similar" and require the appellate court to consider whether the defendant was prejudiced thereby. (Citations omitted.) *Commonwealth* v. *Baldwin*, 385 Mass. 165, 175 n.10 (1982).

sistant district attorney handling the pretrial conference.[5] Such a glaring procedural foul with respect to potentially critical evidence creates the distinct risk of invalidating what might otherwise be a meritorious prosecution, inexcusably inconveniencing all concerned in the process.

We are unable and unwilling, on the present record, see note 3, *supra*, to discern an abuse of discretion on the part of either the assignment judge or the trial judge in requiring an immediate trial over Fossa's objection. We are nonetheless troubled by the apparent failure (inferable from both the trial transcript and the Commonwealth's not arguing otherwise) of either judge to exercise the substantial discretion each possessed in the circumstances. See Mass.R.Crim.P. 14(c)(1), 378 Mass. 880 (1979). When confronted with the Commonwealth's failure to comply with its discovery obligations, "the judge may make a further order for discovery, grant a continuance, or enter such other order as he deems just under the circumstances," *ibid.*, including exclusion or suppression of evidence, Mass.R.Crim.P. 14(c)(2), or, in egregious cases, "dismissal of the criminal charge." *Commonwealth* v. *Cronk*, 396 Mass. 194, 198 (1985). See also *Commonwealth* v. *Knight*, 392 Mass. 192, 193-194 (1984) (when discretion is conferred by statute or rule upon the judge, it is error as matter of law to fail or refuse to exercise it).

We take judicial notice of the judges' legitimate "concern

[5]The complaint against Fossa originated in the Gloucester District Court. The pretrial conference was conducted there, and an assistant district attorney other than the trial prosecutor signed the pretrial conference report. The case was thereafter transferred to the Peabody District Court jury session when Fossa elected a jury trial. On appeal at oral argument, the Commonwealth's attorney suggested that the transfer and personnel change may innocently account for the nonproduction of the report. That is not a legally defensible position. Such reports are presumptively deemed within the Commonwealth's custody and control, "even though no copy was ever in the prosecutor's files, and he himself was not aware that it existed." *Commonwealth* v. *Gallarelli*, 399 Mass. 17, 20 n.4 (1987). See also *Commonwealth* v. *St. Germain*, 381 Mass. 256, 261-262 n.8 (1980). The Peabody trial prosecutor was in fact aware of the report at least a couple of weeks before the trial when he began to prepare for trial by reading the file that had been transferred from Gloucester. Fossa's counsel, however, acknowledges that there was no bad faith or improper purpose on the prosecution's part here. We observe that the form of the pretrial conference report, which did not require specification, itemization, or proof of receipt of the police reports and other documentation described as provided to the defendant, may well have contributed to incomplete discovery compliance.

over the court calendar and the need to move cases along. However, 'concern for the avoidance of a congested [court] calendar must not come at the expense of justice.' *Monahan v. Washburn*, 400 Mass. 126, 129 (1987)." *Commonwealth v. Connelly*, 418 Mass. 37, 39 (1994). See also *Commonwealth v. Smith*, 353 Mass. 442, 445 (1968). Moreover, the last minute revelation in violation of discovery mandates here — the disclosure of previously unidentified witnesses — involved what a jury might regard as the most persuasive sort of witnesses, "neutral eyewitness[es] with excellent opportunity to observe and no apparent bias or motive to palter or mislead." *Commonwealth v. Brookins*, 33 Mass. App. Ct. 626, 635 (1992), *S.C.*, 416 Mass. 97 (1993). In our view, these circumstances constituted justifiable reason for a short continuance — sua sponte even if not expressly requested — to afford defense counsel an opportunity to investigate the witnesses' anticipated stories and evaluate the potential impact of such evidence on defense strategies. See *Commonwealth v. Faulkner*, 418 Mass. 352, 364-365 (1994); *Commonwealth v. Nester*, 32 Mass. App. Ct. 983, 984 (1992); *Commonwealth v. Pyne*, 35 Mass. App. Ct. 36, 39-40 (1993).

A defendant assuredly has the burden of showing prejudicial consequences when seeking relief from disclosure delays by the Commonwealth. *Commonwealth v. Gagliardi*, 29 Mass. App. Ct. 225, 228 (1990). Yet it would be wholly unrealistic to require defense counsel to demonstrate prejudice convincingly at the very onset of the trial. We should not expect even the criminal defense adept to accommodate instantly to surprise eyewitnesses at the moment of trial and to rely entirely on improvised cross-examination in order to counter such possibly devastating evidence. See *Commonwealth v. Balliro*, 349 Mass. 505, 517-518 (1965) ("To say that a defendant has a right to present his defence and then to deprive him of the means of effectively exercising that right would reduce the guaranty [of art. 12 of the Declaration of Rights] to an idle gesture. . . . It is too plain to be labored that the interviewing of prospective witnesses is an essential part of the preparation of a case for trial"); *Commonwealth v. Ellison*, 376 Mass. 1, 25-27 (1978) ("The prosecutor's late, piecemeal, and incomplete disclosures forced on defense counsel the necessity of making difficult tactical decisions in the heat of trial. . . . In retrospect, it may be thought that [defense]

counsel did not use to maximum advantage those parts of the story he did finally secure out of the prosecutor's possession. But the defendant should not be held to a strict standard in order to patch over the prosecution's conduct"). Cf. *Commonwealth* v. *Dupree*, 16 Mass. App. Ct. 600, 603 (1983) ("defense counsel may not know what evidence, if any, he will present until he has heard and evaluated the government's" case). In such cases, even a brief continuance for investigation may sufficiently render a clear Commonwealth discovery violation nonprejudicial. See *Commonwealth* v. *Delaney*, 11 Mass. App. Ct. 398, 401, 403, 405 (1981).

Defense counsel here bears a considerable share of the responsibility for the unsatisfactory situation. The one-page police report that was produced revealed that an unnamed individual had informed the arresting officer of Fossa's conduct. Prudent preparation should have included an explicit inquiry regarding the prospect of that individual's being a prosecution witness, either via the pretrial conference procedure, Mass.R.Crim.P. 11(a), 378 Mass. 862-863 (1979), or a discovery motion pursuant to rule 14(a)(2), 378 Mass. 874-875 (1979). Counsel could not reasonably expect an appellate tribunal to find an abuse of the assignment judge's broad range of discretion with respect to discovery sanctions, *Commonwealth* v. *Baldwin*, 385 Mass. 165, 177 (1982), when he did not adequately make or preserve a record (see note 3, *supra*) to support such an argument. See *Perez* v. *State Racing Commn.*, 23 Mass. App. Ct. 268, 276-277 (1986). Nor could counsel reasonably anticipate reversal of the trial judge when he simply stated that he was there "over my objection" but did not make any reasoned argument, assert any particular prejudice, or request any specific relief. Far from abusing his discretion by ruling in a manner "that no conscientious judge, acting intelligently, could honestly have [done]," *Commonwealth* v. *Bys*, 370 Mass. 350, 361 (1976), the trial judge here was not presented with a proper occasion for exercising his discretionary authority.[6]

Fossa's appeal ultimately falters because the record does

---

[6]We also note that after trial began Fossa's counsel did not object specifically to the eyewitnesses' testimony, move for a voir dire as to admissibility, or ask that their testimony be excluded or struck. See *Commonwealth* v. *Cundriff*, 382 Mass. 137, 148 (1980), cert. denied, 451 U.S. 973 (1981); *Commonwealth* v. *Janard*, 16 Mass. App. Ct. 931, 933-934 (1983). Contrast

not permit a conclusion that the delayed disclosure prejudiced him in any way that could have affected the outcome of the trial or created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Redding*, 382 Mass. 154, 156-157 (1980). Fossa's contention that he was prejudicially precluded from pursuing certain other investigations and tactics is essentially unsupported by anything but conjecture.

Our review of the evidence corroborates the lack of prejudice. The three-page report about the civilian eyewitnesses' statements and their testimony itself did little more than explain to the jury the circumstances under which the arresting officer became involved and was essentially cumulative of the officer's own eyewitness testimony. Stated another way, although it may not have appeared so initially, apart from the fact that it identified the *two* eyewitnesses who reported their observations, the three-page report was not inconsistent with the one-page report. Even without the civilian eyewitnesses, there was strong evidence of Fossa's culpability. He was apprehended at the scene after being followed by the officer, who observed Fossa's erratic driving; he smelled of alcohol and was unsteady on his feet; he fumbled with his license; he admitted drinking; and he could not successfully complete the field sobriety tests. Moreover, the jury had the benefit of the contemporaneous observations and conclusions of two other police officers about the extent of Fossa's intoxication, and they were able to observe his condition for themselves by means of the videotape of the booking.

Thus, as it turned out, while the belatedly-disclosed eyewitnesses' testimony may have bolstered the Commonwealth's case somewhat, it was not critical. Even were we to conclude that the judges's actions were erroneous, they were harmless because "other evidence of guilt was so strong that the verdict would have been the same, had counsel been given advance warning of what the witness[es] would say." *Commonwealth* v. *Janard*, 16 Mass. App. Ct. 931, 934 (1983). See also *Commonwealth* v. *Lombard*, 419 Mass. 585, 594-595 (1995).

---

*Commonwealth* v. *Pope*, 19 Mass. App. Ct. 627, 629-630 (1985). Nonetheless, as our discussion below indicates, we do not view any omissions in trial preparation or performance by defense counsel as reflecting the sort of ineffective assistance of counsel that "probably resulted in forfeiture of a substantial defence." *Commonwealth* v. *Sellon*, 380 Mass. 220, 227 (1980).

For similar reasons, we see no error in the denial of Fossa's new trial motion. Despite his claims to the contrary, the record reveals that Fossa presented a well-prepared defense — including thorough cross-examination of the civilian witnesses — despite the late disclosure of the police report. There is no "indicat[ion] that the quality of the defense was perceptibly impaired" by proceeding to trial over his objection. *Commonwealth* v. *Funderberg*, 374 Mass. 577, 580 (1978). "This [was] not a situation where, 'given a timely disclosure, the defense would have been able to prepare and present its case in such a manner as to create a reasonable doubt that would not otherwise have existed.' " *Commonwealth* v. *Costello*, 392 Mass. 393, 398 (1984), quoting from *Commonwealth* v. *Wilson*, 381 Mass. 90, 114 (1980). "Without a showing of prejudice by the late disclosure . . . and of how the granting of a new trial would substantially remedy such prejudice," we cannot conclude that there was error entitling the defendant to a new trial. *Commonwealth* v. *Cundriff*, 382 Mass. 137, 151 (1980), cert. denied, 451 U.S. 973 (1981). *Commonwealth* v. *Scalley*, 17 Mass. App. Ct. 224, 231 (1983).

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*