COMMONWEALTH *vs.* RAFAEL ACOSTA.

Essex. September 14, 1993. - October 14, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Arrest. Probable Cause. Search and Seizure,* Warrant, Probable cause.
   *Constitutional Law,* Arrest, Search and seizure, Probable cause, Self-
   incrimination. *Controlled Substances.*

A judge properly denied a pretrial motion to suppress a quantity of cocaine
   seized from a criminal defendant and from his apartment at the time of
   his arrest, where the cocaine seized had been legally obtained by police
   officers who, while armed with a valid arrest warrant and with reason
   to believe the defendant was at a certain apartment, did not effect a
   search or seizure prior to identifying the defendant, but merely ob-
   served, from a common area, activity in the apartment that suggested
   the defendant was home; recognized the defendant when he opened the
   door, at which time they had authority pursuant to the warrant to ar-
   rest the defendant; entered the apartment only when the defendant
   sought to evade arrest; and, incident to the arrest, searched the defend-
   ant and conducted a "protective sweep" of the apartment to secure
   themselves against harm from other persons inside. [281-283]
In the circumstances of a criminal trial, the substantial rights of the de-
   fendant were not adversely affected by the admission in evidence of the
   defendant's response to a particular question asked of him during the
   booking procedure at a police station. [283-285]

INDICTMENT found and returned in the Superior Court De-
partment on April 25, 1990.

A pretrial motion to suppress evidence was heard by *Pat-
rick F. Brady,* J., and the case was tried before *Charles M.
Grabau,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Regina Zupan,* Committee for Public Counsel Services, for
the defendant.

*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. This appeal arises from the defendant's conviction of trafficking in cocaine in violation of G. L. c. 94C, § 32E (*b*) (1992 ed.). The defendant challenges the denial of his pretrial motions to suppress (1) the cocaine seized from his person and from his apartment at the time of his arrest, and (2) his response to a question asked of him during the booking procedure. The defendant asserts that the admission of his statement violated his rights under art. 12 of the Massachusetts Declaration of Rights, and that the cocaine was the product of an illegal search. We granted the defendant's application for direct appellate review and we affirm.

The motion judge found the following facts. On the evening of March 24, 1990, Detective Anthony Vallante, who is experienced in narcotics cases and a ten-year veteran of the Lawrence police department, learned from a reliable informant that the defendant was living on the second floor at 16 Archer Street in Lawrence. Vallante went to the police station and found that an arrest warrant had been issued for the defendant. Vallante and his partner, Detective Gene Hatem, went to 16 Archer Street and proceeded to the second floor of the building. At the top of the landing, Vallante observed a young black woman at the door on the right about three feet away. Vallante observed the door open and an exchange occurred of what appeared to be cocaine for money. The door then closed, and the woman was arrested. Vallante then knocked on the door and, when the defendant, who opened the door, saw Detective Vallante, he attempted to shut the door and a struggle ensued. In the course of the struggle the defendant dropped a bag, which contained nineteen smaller bags of crack cocaine, inside the apartment. While Vallante and the defendant were struggling, his partner made a "protective sweep" through the apartment, during which he observed a number of objects: a bag of cocaine, an ashtray, a knife, paper, money, an open box of baking soda, and beer bottles. He also discovered three people and some homemade cocaine pipes in the bedroom.

In response to an inquiry in the course of his arrest the defendant acknowledged that the apartment was his. During the booking procedure at the police station he gave his address as "16 Archer Street." Both statements by the defendant were made before he was advised of his rights against self-incrimination.

Although the motion judge ruled that both statements were admissible, the trial judge suppressed the statement made by the defendant in the apartment pursuant to a motion in limine. While the motion in limine did not address the matter, the trial judge orally indicated that the response to the booking question would be admitted. The motion judge ruled that the cocaine seized during the arrest was evidence obtained in the course of the execution of a lawful arrest warrant.

1. The defendant asserts that the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights require that the police have probable cause to believe that the apartment where the arrest warrant was executed was the suspect's home, and probable cause to believe that he was present there at the time of the attempted execution of the warrant. The Fourth Amendment and art. 14 prohibit unreasonable searches and seizures. Accordingly, "[w]hen police enter a dwelling for the purpose of a search or an arrest, ordinarily they must have a warrant." *Commonwealth* v. *Pietrass*, 392 Mass. 892, 897 (1984). In *Payton* v. *New York*, 445 U.S. 573, 603 (1980), the United States Supreme Court held that an arrest warrant is sufficient to allow the police to enter a suspect's home to execute the warrant if they have reason to believe the suspect is within. *Id.* A separate search warrant is unnecessary.

The Supreme Court rejected the suggestion that only a search warrant based on probable cause to believe the suspect is at home can adequately protect the privacy interests at stake and held that a magistrate's determination of probable cause for an arrest warrant suffices to protect citizens from overzealous officers. *Id.* at 602. "[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause

implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton* v. *New York, supra* at 603. *Commonwealth* v. *Allen,* 28 Mass. App. Ct. 589, 592 (1990). Therefore, under the Fourth Amendment a valid arrest warrant along with "reason to believe the suspect is within" is sufficient to allow the police to enter a suspect's home.

On the facts of this case we need not reach the issue whether art. 14 affords greater rights than those recognized under the Federal Constitution. Here the police, armed with a valid arrest warrant and with reason to believe the defendant was at 16 Archer Street, did not effect a search or seizure prior to identifying the defendant. The police observed activity in the apartment from the common area that suggested the occupant was home, and they recognized the defendant when he opened the door. When Detective Vallante knocked on the door, he did not announce himself as a police officer. He did no more than any citizen could do by entering a common area and knocking on the door. Compare *United States* v. *Hersh,* 464 F.2d 228, 229-230 (9th Cir.), cert. denied, 409 U.S. 1008 (1972) (no "search" where police merely walked onto front porch and observed through window what was in plain view) and *Davis* v. *United States,* 327 F.2d 301, 303-305 (9th Cir. 1964) (no "search" where police knocked and were invited in but did not invoke authority as police to command entry) with *Commonwealth* v. *Hamilton,* 24 Mass. App. Ct. 290, 294 (1987) (search began when police compelled the defendant to open door by announcing police presence) and *United States* v. *Winsor,* 846 F.2d 1569, 1572-1573 (9th Cir. 1988) (search occurred when police observed crime after door was opened at their command). When Detective Vallante saw the defendant, he had authority pursuant to the warrant to arrest the defendant. He only entered the apartment when the defendant sought to evade arrest.

It was, of course, proper to search the defendant incident to his arrest. *Commonwealth* v. *Bowden,* 379 Mass. 472, 477

(1980). It was also appropriate for the police to conduct a "protective sweep" of the apartment to secure themselves against harm from other persons inside. *Id.* at 478. As a result, the evidence seized from the search of the defendant and the protective sweep were legally obtained and properly admitted in evidence at trial.

2. The defendant then argues that, in the absence of being advised of his rights against self-incrimination, his response to one of the booking questions should have been suppressed under art. 12. In *Pennsylvania* v. *Muniz*, 496 U.S. 582, 601 (1990), a plurality of the Court recognized a "routine booking question" exception to the requirement of Miranda warnings. The exception encompasses questions that secure "biographical data necessary to complete booking or pretrial services." *Id.* The Court acknowledged that the questions qualify as custodial interrogation but held that questions such as name, address, height, weight, eye color, date of birth, and current age are properly excepted from the sweep of *Miranda* v. *Arizona*, 384 U.S. 436 (1966). *Id.* The Court noted that absent Miranda warnings the police may not ask questions designed to elicit incriminatory admissions under the guise of "booking questions." See *id.* at 601-602 & n.14. Accordingly, as acknowledged by the defendant, the protection against self-incrimination afforded by the Fifth Amendment to the United States Constitution does not require suppression of the information elicited during the booking procedure.

In seeking suppression of the information, however, the defendant asks that we recognize broader rights under art. 12. Article 12 provides in part that no person shall "be compelled to accuse, or furnish evidence against himself." This court has consistently held that art. 12 requires broader interpretation than that of the Fifth Amendment. *Attorney Gen.* v. *Colleton*, 387 Mass. 790, 796 (1982).

While it may very well be that responses to booking questions are testimonial in nature, their use would not be prohibited by art. 12 unless incriminatory evidence was obtained by compulsion. See *Opinion of the Justices*, 412 Mass. 1201,

1208 (1992). See also *Commonwealth* v. *Brennan*, 386 Mass. 772, 779-780 (1982). Whether such compulsion exists during a booking procedure is a question we are not forced to confront on the record before us.[1]

Although the defendant admitted to living at 16 Archer Street prior to his being advised of his right against self-incrimination, in the circumstances of this case even if the admission of this evidence was error, no prejudice resulted. The Commonwealth did not have to prove that the defendant lived at 16 Archer Street in order for the jury to find that he was in possession of the drugs. Possession "may be constructive rather than actual; it may be joint and not exclusive; and it may be proved by circumstantial evidence." *Commonwealth* v. *Yazbeck*, 31 Mass. App. Ct. 769, 775 (1992). See *Commonwealth* v. *Garcia*, 409 Mass. 675, 686 (1991), and cases cited. "While presence in an area where contraband is found 'alone cannot show the requisite knowledge, power, or intention to exercise control over the [contraband], . . . presence, supplemented by other incriminating evidence, "will serve to tip the scale in favor of sufficiency." ' " *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 409-410 (1989), quoting *Commonwealth* v. *Albano*, 373 Mass. 132, 134 (1977). However, it was not the defendant's admission that he lived at 16 Archer Street that established his control over the drugs in this case. Not only was the defendant present in the apartment where the cocaine and drug paraphernalia were found, there was also evidence that: he had $838 in his pocket when arrested; he dropped a bag that contained nineteen smaller bags of crack cocaine; none of the other occupants of the apartment admitted to living there; and the defendant answered the knock on the door to the apartment. The evidence that the defendant said that he lived at 16

---

[1]The defendant did not object at trial to the admission of this evidence, but he did object to the denial of his motion to suppress his statements made during the booking procedure. That objection is sufficient to preserve the issue on appeal. *Commonwealth* v. *Sherman*, 389 Mass. 287, 290 n.2 (1983).

Archer Street did not adversely affect the substantial rights of the defendant.

*Judgment affirmed.*