COMMONWEALTH *vs.* JOSE AMPARO. No. 96-P-1247. October 2, 1997. *Practice, Criminal,* Required finding. *Controlled Substances.*

The defendant was charged with two complaints; namely, possession of heroin with intent to distribute and conspiracy to violate the controlled substances laws. Prior to trial, the defendant agreed to be tried on both charges together. See Mass.R.Crim.P. 9(e), 378 Mass. 861 (1979). The complaints were tried before a judge sitting without a jury. At the close of the Commonwealth's case, and again at the close of all the evidence, the defendant unsuccessfully moved for required findings of not guilty. The defendant was found guilty on both complaints. On appeal, he raises one issue — the denial of his motion for a required finding of not guilty.

We summarize the pertinent evidence in the light most favorable to the Commonwealth. See *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989). On May 10, 1995, members of the Lawrence police department executed a search warrant at a second-floor apartment on Walnut Street. The apartment was located in a three-family residence; there was one apartment on each of three floors. When the police officers arrived at the address, some officers,

including a Detective Laird, went to the back door of the building, and others, including a Detective Rivet, went to the front door. The officers at the front door gained entry and proceeded to the second-floor apartment where they knocked on the door and loudly announced, "Police, let us in." No one answered the door; Rivet could hear people talking and heard what "appeared to be running around, quick movements." He then attempted to force open the door, while continuing to say, "Police," but was unable to do so because it was being held shut by someone on the other side.

Meanwhile, the officers at the back door of the building had, after knocking, forced open the locked door and proceeded to the second floor. As they were preparing to force open the back door to the apartment, three men, including the defendant, came running out of the apartment into the arms of the police. The detectives grabbed the men, took them into the kitchen and placed them on the floor. Beepers were taken from each of the men.

The apartment had a kitchen, a pantry off the kitchen, a bathroom, two bedrooms, a living room, and a den area. The officers searched the master bedroom. There, 240 bags of heroin packaged in "red star" glassine bags were discovered inside a vacuum cleaner. Also found in that bedroom were a digital scale, three calculators, a box of yellow glassine bags, a box of "red star" glassine bags, and most of the $1,230 that was found in the apartment. A grinder containing heroin residue was found in a cabinet in the pantry off the kitchen. Also, four cellular telephones and some cash were found in a suitcase in a rear bedroom. None of the numerous papers and documents seized in the raid contained the name of the defendant.

The defendant claims that the judge committed error when he denied his motions for required findings of not guilty because the Commonwealth introduced insufficient evidence that the defendant had constructive possession of the narcotics in the apartment.

"Possession implies 'control and power,' . . . exclusive or joint . . . , or, in the case of 'constructive possession,' knowledge coupled with the ability and intention to exercise dominion and control." *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 409 (1989) (citations omitted). The "elements of control and power or knowledge, coupled with the ability and intention to exercise dominion and control, may be inferred from circumstantial evidence which, in terms of practical experience of the conduct of human beings, points to such a finding." *Commonwealth* v. *Brown*, 34 Mass. App. Ct. 222, 225 (1993). "While presence in an area where contraband is found 'alone cannot show the requisite knowledge, power, or intention to exercise control over the [contraband], . . . presence, supplemented by other incriminating evidence, "will serve to tip the scale in favor of sufficiency." ' " *Commonwealth* v. *Acosta*, 416 Mass. 279, 284 (1993) (citations omitted).

Here, there was no evidence that the defendant "rented, occupied, spent a great deal of time at or exercised control over the apartment or its contents." *Commonwealth* v. *Caterino*, 31 Mass. App. Ct. 685, 689 (1991). See *Commonwealth* v. *Rivera*, 31 Mass. App. Ct. 554, 558 (1991) (conviction overturned where defendant was not linked to bedroom in which drugs were found). Further, "[n]o personal papers of the defendant nor any of [his] clothing were found in the apartment." *Commonwealth* v. *Navarro*, 39 Mass. App. Ct. 161, 169 (1995). Moreover, the drugs found were not in plain view but rather were hidden inside a vacuum cleaner. The police did not find any drugs on the defendant's person.

In claiming that the evidence was sufficient to withstand a motion for a required finding of not guilty, the Commonwealth, in large part, relies on the testimony of the police officers that the defendant and the codefendants attempted to flee out of the back door and that he was in possession of a beeper, a device frequently associated with the sale of controlled substances. See *Commonwealth* v. *Clermy*, 421 Mass. 325, 330 (1995). "Behavior tending to show that the defendant knew of the presence of drugs in the apartment or that he was guilty of some offense is not sufficient, by itself, to prove that he had the ability and intent to control the drugs." *Commonwealth* v. *Cruz*, 34 Mass. App. Ct. 619, 623 (1993).

The judgments are reversed, the verdicts are set aside, and new judgments are to be entered for the defendant.

*So ordered.*

*Ronald Ian Segal & Stephen D. Judge* for the defendant.

*Marcia Slingerland*, Assistant District Attorney, for the Commonwealth.