COMMONWEALTH *vs.* MAXI ANTONIO. No. 97-P-2366. December 2, 1998.
*Controlled Substances. Joint Enterprise. Evidence,* Inference.

The defendant appeals from his conviction by a Superior Court jury of trafficking in a controlled substance, G. L. c. 94C, § 32E(*b*)(1). A rational jury could have found, beyond a reasonable doubt, that the defendant attempted to prevent the Somerville police from executing a search warrant by trying to shut the front door of an apartment that had been the subject of drug surveillance and then, when the police entered the apartment, fleeing to the back door in an unsuccessful attempt to escape. The police searched the sparsely furnished apartment, the door of which was fortified with a bar, brackets and several locks, and located forty-four clear plastic bags of cocaine hidden inside a coffee mug, razor blades, several boxes of clear plastic sandwich bags with the corners cut out and over $800 in cash. In a bedroom, the police found a vinyl envelope that contained the defendant's passport, airline tickets, photographs, and some jewelry.

At trial, the defendant made timely motions for required findings of not guilty at the close of the Commonwealth's case and at the close of the evidence. On appeal, the issue is whether the evidence, considered at the time the motion was made and taken in the light most favorable to the Commonwealth, was sufficient for a jury to have found, beyond a reasonable doubt, that the defendant possessed the drugs. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). The Commonwealth need not prove that the defendant physically possessed the drugs, but may establish constructive possession. *Commonwealth* v. *Cruz*, 34 Mass. App. Ct. 619, 621 (1993). Con-

structive possession of a controlled substance requires proof that the defendant had knowledge coupled with the ability and intent to exercise dominion and control over the drugs. *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 617 (1990), *S.C.*, 410 Mass. 1005 (1991). This proof "may be established by circumstantial evidence, and the inferences that can be drawn therefrom." *Commonwealth* v. *Gonzalez*, 42 Mass. App. Ct. 235, 237 (1997), quoting from *Commonwealth* v. *LaPerle*, 19 Mass. App. Ct. 424, 426 (1985).

The Commonwealth proceeded on a joint venture theory, requiring it to establish that the "defendant was (1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by agreement is willing and available to help the other if necessary." *Commonwealth* v. *Morse*, 42 Mass. App. Ct. 936, 937 (1997), quoting from *Commonwealth* v. *Longo*, 402 Mass. 482, 486 (1988). These elements may also be proven by an "inference from all the facts and circumstances developed at trial." *Commonwealth* v. *Costa*, 407 Mass. 216, 225 (1990). Additionally, the defendant does not have to participate directly in the crime, but "may encourage the perpetrator by giving him hope of immediate assistance." *Ibid.*

The defendant's contention is that the evidence showed nothing more than his presence in the apartment, which is insufficient to establish either constructive possession or joint venture. See *Commonwealth* v. *Brown*, 34 Mass. App. Ct. 222, 226 (1993); *Commonwealth* v. *Handy*, 30 Mass. App. Ct. 776, 780 (1991). Similarly, the defendant argues that neither can be proven simply by his association with a person who controlled the drugs. See *Commonwealth* v. *Booker*, 31 Mass. App. Ct. 435, 437 (1991).

Here, however, there is significant additional evidence from which agreement, intent, and control may be inferred and which "tip[s] the scale in favor of sufficiency." *Commonwealth* v. *Amparo*, 43 Mass. App. Ct. 922, 923 (1997), quoting from *Commonwealth* v. *Acosta*, 416 Mass. 279, 284 (1993). First, a reasonable inference of guilt may be made from the defendant's presence in a sparsely furnished, fortified apartment where drugs and drug packaging were found. See *Commonwealth* v. *Arias*, 29 Mass. App. Ct. at 619-620.

Moreover, an inference of unlawful possession or involvement in a joint venture may be drawn from the defendant's actions at the scene: he labored to slam the door shut to prevent the police from entering; he then attempted to flee the scene; and he acted "nervous" as the police approached the hidden drugs. See *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 494-497 (1991); *Commonwealth* v. *Whitlock*, 39 Mass. App. Ct. 514, 519 (1995). Additionally, the defendant's personal belongings found in one of the bedrooms established a sufficient link between the defendant and the apartment. See *Commonwealth* v. *Rivera*, 31 Mass. App. Ct. 554, 556-557 (1991). Contrast *Commonwealth* v. *Navarro*, 39 Mass. App. Ct. 161, 169 (1995) (neither defendant's personal papers nor her clothing were found in the apartment). Finally, an inference of possession may be drawn from the close proximity between these personal belongings and the drugs. See *Commonwealth* v. *Pratt*, 407 Mass. 647, 652 (1990).

Thus, given the totality of the evidence, the defendant's motions for required findings of not guilty were properly denied. See *Commonwealth* v. *Santiago*, 30 Mass. App. Ct. 207, 218-219 (1991); *Commonwealth* v. *Clarke*, 44 Mass. App. Ct. 502, 505-506 (1998).

Rescript Opinions.

*Judgment affirmed.*

*J. Daniel Silverman* for the defendant.
*Amy E. Bannes*, Assistant District Attorney, for the Commonwealth.