COMMONWEALTH *vs.* JUAN ANGEL DEJESUS. No. 98-P-1535. November 19, 1999. *Controlled Substances. Joint Enterprise. Evidence,* Joint enterprise. *Practice, Criminal,* Duplicative convictions.

Once again we consider the "presence only" defense to a charge of possession with intent to distribute narcotic drugs. See *Commonwealth* v. *Velasquez, ante* 147 (1999). Juan Angel DeJesus, the defendant, was convicted of that offense (the drug was heroin) at a bench trial before a District Court judge. On appeal, the defendant's argument is that the evidence established nothing beyond his presence in an apartment where drugs were sold and that it was, therefore, error for the judge to have denied a motion for a required finding of not guilty. We affirm.

1. *Facts.* Taken in the light most favorable to the prosecution, *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), the trial judge could have found the following facts. On the basis of three to four weeks of surveillance, Holyoke police officers obtained and executed a warrant to search the top floor rear apartment (apartment number nine) at 736 High Street, Holyoke. Before making a forced entry with battering ram — theirs was a "no knock" warrant — the police observed the target building with binoculars for about fifteen minutes. Persons made visits of two-minute duration, a visiting pattern that the police took to be indicative of drug traffic. During those short visits, the defendant occasionally stuck his head out of the window of the apartment that was to be searched, and looked up and down the street.

When the police made their "bust," they found four occupants, including the defendant, in an eighty square-foot bedroom to the left and rear of the apartment. An officer saw "the back end" of one of the four scurrying to that room. The police found nine packets of heroin out in the open on the floor of that room, next to the bed, and thirty packets tucked into a sneaker, also out in the open on the floor. There was $899 left about the room: some in the same sneaker, some on a dresser in the bedroom ($639), some in the bedroom closet, and some on the floor. There were approximately 3,000 plastic sleeves in a box in that closet of the sort used to make an outer protective package for a glassine baggie of heroin. A search of the defendant's person produced a wallet that contained $125 and his driver's license, showing an address different from that of the apartment searched, but no drugs. The general search of the apartment turned up no papers tying the defendant to the apartment.

2. *Discussion.* It was the Commonwealth's theory at the trial of DeJesus that he was engaged in a joint enterprise that September 19, 1997, to sell drugs together with the other three men whom the police surprised. As in *Commonwealth* v. *Velasquez, supra* at 149-151, we test the evidence to see if it supports inferences of sufficient "plus" factors in addition to presence and awareness to warrant a finding that the defendant was involved in the drug dealing operation. See *Commonwealth* v. *Brown*, 34 Mass. App. Ct. 222, 226 (1993). The "plus" factors are these: the defendant's hanging out the window and looking up and down the street tends to prove that he was acting as a lookout (see *Velasquez, supra*); the assembly of the four men in a rear bedroom

as the police bashed their way in tends to prove that they were engaged in the joint purpose of protecting or secreting their stash of heroin (see *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 491 [1991]); that same bundle of facts, i.e., that the defendant was gathered with the other occupants in a small bedroom in which he was surrounded by drugs, cash, and packaging materials, suggests a close connection between him and the heroin sales operation; drug sales had been conducted over a period of time with several buyers while the defendant was in the apartment and, therefore, a witness to those transactions. People do not ordinarily engage in repetitive crimes in the presence of someone who is not a collaborator. Those facts produce a quite different aspect from that which pertained in *Commonwealth* v. *Saez*, 21 Mass. App. Ct. 408 (1986), upon which the defendant greatly relies. In *Saez*, the defendant was on a street looking up and down, but only twice, and we thought the inference that he was a lookout was an impermissible stretch. *Id.* at 411-412. Although the defendant in *Saez* was physically proximate to a street dealer, there was no evidence of connection between the dealer and the defendant. We thought the evidence equally suggested "nothing more than that [Saez] probably realized that he was a witness to a crime." *Id.* at 412. The instant case is also unlike *Commonwealth* v. *Amparo*, 43 Mass. App. Ct. 922 (1997). There the drugs were hidden in a vacuum cleaner and we pointedly observed, *id.* at 923, that the drugs were not in plain view. When the police broke in, Amparo fled, a fact we thought consistent with a finding of knowing presence where drugs are sold, *id.* at 924, but not with the ability and intent to control the drugs. In the instant case, by contrast, there was evidence, taken in the light most favorable to the Commonwealth, of activity as a lookout and an effort to protect the contraband. The totality of the circumstances supports the trial judge's denial of the motion for a required finding of not guilty.

In addition to being convicted of possession of a controlled substance with the intent to distribute it, the defendant was convicted of simple possession. The latter crime is a lesser included offense of possession with intent to distribute, involving no elements of proof not required for the greater offense. Accordingly, the conviction and sentence for simple possession are duplicative. *Commonwealth* v. *Crocker*, 384 Mass. 353, 358 n.6 (1981).

3. *Conclusion.* The judgment of conviction for possession of a Class A controlled substance with intent to distribute it (G. L. c. 94C, § 32) is affirmed. The judgment and finding for simple possession of a Class A controlled substance (G. L. c. 94C, § 34) are vacated and judgment is to enter dismissing that count of the complaint.

*So ordered.*

Kenneth I. Seiger for the defendant.
Sidney E. Reavey, Assistant District Attorney, for the Commonwealth.